**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

|  |  |  |
|---|---|---|
| KBA-GIORI, NORTH AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2:08-cv-34-HCM-FBS |
| v. | ) | |
| | ) | |
| MUHLBAUER, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL TEMA GMBH, MUHLBAUER HOLDING AG & CO. AND MUHLBAUER AG TO RESPOND TO SUBPOENAS**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................................ 1

II. ARGUMENT........................................................................................................................ 2

    A. Muhlbauer, Inc. Lacks Standing To Oppose Enforcement Of The Subpoenas And Has Itself Waived Any Right To Challenge Their Enforcement ................................................................................................ 2

    B. Muhlbauer, Inc., Like The Muhlbauer Group, Has Waived Any Ability To Challenge The Method Of Service ....................................................................... 5

    C. KBA properly served the subpoenas on the Muhlbauer Group............................... 6

        1. KBA properly served the Muhlbauer Group under Rule 4(h)(1)(B) .......... 6

        2. KBA also properly served the Muhlbauer Group under Rule 4(h)(1)(A)................................................................................................... 7

    D. This Is Not An Extraordinary Case Where The Waiver Of Objections To The Subpoenas By The Muhlbauer Group Should Be Excused ............................. 9

III. CONCLUSION................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Anwalt Energy Holdings, Inc. v. Falor Cos.*
   2008 U.S. Dist. LEXIS 43783 (S.D. Ohio June 2, 2008) ............................................................5

*Brokers, Inc. v. Redier*
   2000 WL 1052808 (Va. Cir. Ct. March 15, 2000) ..................................................................8, 9

*Chan v. Society Expeditions*
   39 F.3d 1398 (9th Cir. 1994) .....................................................................................................7

*Davies v. Jobs & Adverts Online, GmbH*
   94 F. Supp. 2d 719 (E.D. Va. 2000) ..........................................................................................8

*Dewey v. Volkswagen AG*
   558 F. Supp. 2d 505 (D.N.J. 2008) ............................................................................................7

*Fleming v. Yamaha Motor Corp., USA*
   774 F. Supp. 992 (W.D. Va. 1991) ............................................................................................8

*Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l.*
   2006 U.S. Dist. LEXIS 81005 (E.D. Wis. Nov. 1, 2006) ........................................................10

*Gray v. Mazda Motor of Am., Inc.*
   560 F. Supp. 2d 928 (C.D. Cal. 2008) .......................................................................................7

*Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*
   240 F.R.D. 44 (D. Conn. 2007) ..................................................................................................4

*In re Grand Jury Subpoena*
   274 F.3d 563 (1st Cir. 2001) ......................................................................................................4

*In re Motorsports Merchandise Antitrust Litig.*
   186 F.R.D. 344 (W.D. Va. 1999) ...............................................................................................5

*J.B. Hunt Transport, Inc. v. Adams*
   2007 WL 789042 (E.D. Mich. 2007) .........................................................................................2

*Joiner v. Choicepoint Servs., Inc.*
   2006 WL 2669370 (W.D.N.C. Sept. 15, 2006) ......................................................................2, 4

*McCoy v. Southwest Airlines Co.*
   211 F.R.D. 381 (C.D. Cal 2002) ................................................................................................5

*Methode Electronics, Inc. v. Infineon Technologies Corp.*
    2002 WL 33831643 (N.D. Cal. March 15, 2002) .................................................................3, 9

*United States v. Beckford*
    964 F. Supp. 1010 (E.D. Va. 1997) ..........................................................................................3

*United States v. Raineri*
    670 F.2d 702 (7th Cir. 1982) ....................................................................................................3


**STATUTES**

Va. Code Ann. § 8.01-301(1) ..............................................................................................................9


**OTHER AUTHORITIES**

Fed. R. Civ. P. 4 .................................................................................................................................7

Fed. R. Civ. P. 4(h) ............................................................................................................................7

Fed. R. Civ. P. 4(h)(1) ................................................................................................................ passim

Fed. R. Civ. P. 4(h)(1)(A) ..................................................................................................................7

Fed. R. Civ. P. 4(h)(1)(B) ...........................................................................................................6, 7, 9

Fed. R. Civ. P. 4(h)(2) .....................................................................................................................6, 8

Fed. R. Civ. P. 30(b)(6) ......................................................................................................................4

Fed. R. Civ. P. 34 ...............................................................................................................................4

Plaintiff KBA-GIORI, North America, Inc. ("KBA") respectfully submits this reply in support of its motion to compel TEMA GmbH ("TEMA"), Muhlbauer AG, and Muhlbauer Holding AG & Co. KgaA ("Muhlbauer Holding") (collectively the "Muhlbauer Group") to comply with subpoenas served on September 17, 2008.

## I.     INTRODUCTION

To this day, the Muhlbauer Group continues to ignore KBA's subpoenas.  By failing to object to the subpoenas, the Muhlbauer Group has waived any and all objections to their enforcement.  In an attempt to undo that waiver, Muhlbauer, Inc. now purports to have standing to object to enforcement of the subpoenas on behalf of the Muhlbauer Group.  Muhlbauer, Inc., however, fails to establish any such standing.  Its opposition rests upon nothing more than vague and unsubstantiated claims about the documents and testimony sought via the subpoenas.  Even assuming Muhlbauer, Inc. had standing at one time to challenge these subpoenas, Muhlbauer, Inc. has long since waived that standing by not moving to quash the subpoenas by the return date of October 13, 2008.  Furthermore, even assuming that any objection to service was not already waived (it was), and that Muhlbauer, Inc. could object to service on third-parties (it cannot), Muhlbauer, Inc.'s arguments disputing service of the Muhlbauer Group rest upon a novel, but flawed, reading of Rule 4(h)(1).  Under the plain language of Rule 4(h)(1), KBA properly served the subpoenas on the Muhlbauer Group through Muhlbauer, Inc.

Moreover, Muhlbauer, Inc.'s assertions of "unusual circumstances and good cause" ring hollow.  As explained in KBA's Opening Memorandum, during the course of this litigation, the Muhlbauer Group has attempted to rely on corporate formalities when it suits their interests and disregard them when it does not. Dkt. 53 at 8-10.  Thus, although the Muhlbauer Group (rather than Muhlbauer, Inc.) supervises this litigation on behalf of the defendant (Dkt. 53 at 12-13) and

treated Muhlbauer, Inc. as indistinguishable from the Group when arguing undue burden in its motion to dismiss (Dkt. 11), Muhlbauer, Inc. now seeks to invoke corporate formalities to frustrate discovery. Given the realities of the relationships between the members of the Muhlbauer Group and their conduct in this litigation, there is no unfairness in enforcing the subpoenas, and any arguments based on fairness or "good cause" should be disregarded.

The Court thus should disregard or overrule Muhlbauer, Inc.'s untimely and improper opposition, and enforce the subpoenas in their entirety.

## II. ARGUMENT

### A. Muhlbauer, Inc. Lacks Standing To Oppose Enforcement Of The Subpoenas And Has Itself Waived Any Right To Challenge Their Enforcement

Muhlbauer, Inc. has filed a belated opposition to KBA's motion to compel, purportedly on the ground that it has standing to do so. It, however, has failed to establish standing. Equally fatal, Muhlbauer, Inc. itself has waived any ability to challenge the subpoenas by not moving to quash or for a protective order prior to the October 13 return date.

Muhlbauer, Inc. vaguely states that it has "legitimate interests in the defense of this litigation as well as its proprietary information." Opp'n p. 4. Muhlbauer, Inc.'s interest in the defense of this litigation does not give it standing. As Muhlbauer, Inc.'s own case law makes clear, "a party generally has no standing" to challenge enforcement of a third-party subpoena. *Joiner v. Choicepoint Servs., Inc.*, 2006 WL 2669370, at *4 (W.D.N.C. Sept. 15, 2006). That is certainly true with respect to Muhlbauer, Inc.'s various objections to purported technical defects in the subpoenas or method of service to which the Muhlbauer Group has never objected. *See, e.g.*, *J.B. Hunt Transport, Inc. v. Adams*, No. 04-CV-70347-DT, 2007 WL 789042, at *2 (E.D. Mich. 2007) (holding party lacked standing to challenge a third-party subpoena on the ground that the subpoena did not provide "a reasonable time for compliance," was "unduly

burdensome," and required the "nonparty to travel more than 100 miles"); *Methode Electronics, Inc. v. Infineon Technologies Corp.*, No. C 99-21142 JW (RS), 2002 WL 33831643, at *1 (N.D. Cal. March 15, 2002) (holding party had no basis to object to subpoena based on burdensomeness).

Muhlbauer, Inc. also fails to cite any authority to support standing to object to the production of documents based on "proprietary information."[1] Assuming "proprietary information" conveys standing, Muhlbauer, Inc. lacks standing for three independent reasons. First, Muhlbauer, Inc. has denied having possession, custody, or control of documents held by the Muhlbauer Group. *See, e.g.*, Dkt. 53, Exs. B-C at p. 3 (Declaration of Kyle McNew submitted in support of this motion). Unless Muhlbauer, Inc. disavows that position (in which case it has improperly withheld documents), any "proprietary information" sought by the subpoenas is the property of the Muhlbauer Group, not Muhlbauer, Inc. Second, Muhlbauer, Inc. merely sells products made by the Muhlbauer Group; it does not invent, design, develop, or make anything. This explains why Muhlbauer, Inc. has failed to substantiate its claims about

---

[1] The two cases Muhlbauer, Inc. cite do not establish this point. Both considered requests for documents under the Federal Rule of Criminal Procedure. *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) (holding accused waived right to seek documents and that prosecution had grounds to object as request would have delayed resolution of trial and harassed a prosecution witness); *United States v. Beckford*, 964 F. Supp. 1010 (E.D. Va. 1997) (holding accused improperly sought certain documents without first filing a motion). While some authorities limit standing to object to third-party subpoenas to instances where subpoenas seek privileged materials, KBA takes no position on the permissible grounds for standing as Muhlbauer, Inc. lacks standing under any standard.

"proprietary" documents by declaration or otherwise.[2] Third, the Court has entered a stipulated protective order, which protects any "proprietary interest" Muhlbauer could theoretically have in documents held by the Muhlbauer Group.

Muhlbauer, Inc. alternatively tries to establish standing on the ground that the subpoenas seek documents and testimony that KBA sought directly from Muhlbauer, Inc. *See* Opp'n p. 5. The case Muhlbauer, Inc. relies upon, however, involved an instance where a plaintiff served subpoenas on current employees of a corporate defendant. *Joiner*, 2006 WL 2669370, at *4. The court in *Joiner* allowed the defendant to challenge the subpoenas in that limited circumstance because the subpoenas would have circumvented the procedures for obtaining documents and testimony from a corporate party under Rules 34 and 30(b)(6). *Id.* at *4-6. Here, KBA cannot be accused of trying to circumvent the rules governing discovery from a party opponent. Muhlbauer, Inc. has repeatedly stated that it will not produce documents held by the Muhlbauer Group in response to Rule 34 requests. Moreover, the one subpoena requesting testimony was directed at TEMA, which is not an employee of Muhlbauer, Inc., and thus does interfere with Muhlbauer, Inc.'s ability to select who will testify on its behalf.[3]

---

[2] Muhlbauer, Inc. does not squarely claim that the subpoenas seek documents over which it has a privilege. *See* Opp'n pp. 4-5. But it does not matter as there is no evidence that the Muhlbauer Group possesses privileged materials belonging to Muhlbauer, Inc., and Muhlbauer, Inc. has not provided a privilege log. *See Horace Mann Ins. Co. v. Nationwide Mut. Ins. Co.*, 240 F.R.D. 44, 47-48 (D. Conn. 2007) (holding privilege objection to subpoena waived where months had passed since service of the subpoena without production of a log). Moreover, because the Muhlbauer Group waived any and all objections based on privilege by not responding to the subpoenas, any joint privilege Muhlbauer, Inc. shares with the Muhlbauer Group has been waived. *See In re Grand Jury Subpoena*, 274 F.3d 563, 567 (1st Cir. 2001) (joint privilege does not survive waiver by joint holder).

[3] Unlike the plaintiff in *Joiner*, KBA also has never taken the position that a witness produced by TEMA would be equivalent to a Rule 30(b)(6) witness produced by Muhlbauer, Inc.

In all events, Muhlbauer, Inc. waived any objection to the subpoenas by not moving to quash or for a protective order by the return date of October 13, 2008. *See McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 384-385 (C.D. Cal 2002); *see also, e.g.*, *City of St. Petersburg v. Total Containment, Inc.*, Misc. Case No. 07-191, 2008 U.S. Dist. LEXIS 36735 (E.D. Pa. May 1, 2008) (denying motion to quash filed one day after the return date as untimely, citing "[a]mple authority … holding that timeliness means within the specified compliance period"); *In re Motorsports Merchandise Antitrust Litig.*, 186 F.R.D. 344 (W.D. Va. 1999) (denying motion filed 36 days after return date that challenged service of process as untimely). Muhlbauer, Inc. does not dispute that it missed this deadline, yet offers no explanation for its failure to do so.

Consequently, Muhlbauer, Inc. lacks standing to challenge KBA's subpoenas and, even assuming it once possessed such standing, waived its ability to challenge the subpoenas by not timely moving to quash or for a protective order. The Court thus should disregard Muhlbauer, Inc.'s purported "opposition" and enforce the subpoenas.

**B.   Muhlbauer, Inc., Like The Muhlbauer Group, Has Waived Any Ability To Challenge The Method Of Service**

Though Muhlbauer, Inc. itself has waived any challenge to enforcement of the subpoenas, it suggests that the Muhlbauer Group has not waived any such challenges, including as to service. Opp'n pp. 12-13. The very case Muhlbauer, Inc. relies upon, however, enforced a subpoena over an objection of lack of service because the third party did not object in a timely manner. *In re Motorsports Merch. Antitrust Litig.*, 186 F.R.D. at 349. Simple logic dictates that if the Muhlbauer Group waived all objections, including as to service, by not responding to the subpoenas, then Muhlbauer, Inc. cannot revive such objections at this late date. *See Anwalt Energy Holdings, Inc. v. Falor Cos.*, 2008 U.S. Dist. LEXIS 43783, at *3-5 & n.2 (S.D. Ohio June 2, 2008) (third-party objections to service waived if not timely presented). The case for

waiver is particularly strong here because the Muhlbauer Group indisputably received the subpoenas, but has willfully chosen to ignore them.

C.     **KBA properly served the subpoenas on the Muhlbauer Group**

Contrary to the arguments in Muhlbauer, Inc.'s improper and untimely "opposition," the record clearly shows that KBA properly served the subpoenas on the Muhlbauer Group.

1.     **KBA properly served the Muhlbauer Group under Rule 4(h)(1)(B)**

KBA served the subpoenas on a "general agent" of the Muhlbauer Group in compliance with Rule 4(h)(1)(B) – namely, Muhlbauer, Inc.

KBA served the subpoenas personally on Muhlbauer, Inc. at its corporate offices in this district on behalf of the Muhlbauer Group and served Muhlbauer, Inc.'s counsel, who also represents the Muhlbauer Group. Muhlbauer, Inc. does not dispute that it is a "general agent" of the Muhlbauer Group or the fact of personal service. Muhlbauer, Inc. instead argues that Rule 4(h)(1) "pertains to service on a corporation within 'a judicial district of the United States.'" Opp'n p. 6. In other words, Muhlbauer, Inc. reads Rule 4(h)(1) as limited to service in cases where a "foreign corporation" is physically located "in a judicial district of the United States."

Muhlbauer, Inc. does not offer any authority for its bizarre misreading of Rule 4(h)(1). The phrase "in a judicial district of the United States" in Rule 4(h)(1) refers to the place of service, not the place where the entity being served is located. This is obvious from reading Rule 4(h)(1) alongside its counterpart Rule 4(h)(2), which governs service "*at a place* not within any judicial district of the United States" (emphasis added). Muhlbauer, Inc.'s construction would mean that foreign corporations could defeat service under Rule 4(h)(1)(B), even if those corporations had officers or agents for service of process in the U.S. Fed. R. Civ. P. 4(h)(1)(B) (authorizing service upon a designated agent or officer as an alternative to service upon a "managing or general agent"). Muhlbauer, Inc.'s construction also would treat Rule 4(h)(1)(B)

differently than Rule 4(h)(1)(A),[4] even though subsections (A) and (B) are co-equal alternatives. Muhlbauer, Inc.'s reading cannot be the law.

On its face, Rule 4(h)(1) authorizes service upon any "foreign corporation" where, as here, service is effected by delivery of papers on a "general agent" of the foreign corporation "in a judicial district of the United States." Fed. R. Civ. P. 4. As a result, KBA properly served the Muhlbauer Group through Muhlbauer, Inc., a general agent. *See, e.g.*, *Chan v. Society Expeditions*, 39 F.3d 1398, 1404 (9th Cir. 1994) (holding that German corporation was effectively served through one of its corporate officers and also could have been served through a "general agent" which was a U.S. corporation); *Gray v. Mazda Motor of Am., Inc.*, 560 F. Supp. 2d 928 (C.D. Cal. 2008) (upholding service on Japanese corporation through a U.S. corporation that was a "general agent"); *Dewey v. Volkswagen AG*, 558 F. Supp. 2d 505 (D.N.J. 2008) (upholding service on German corporation through service on the registered agent of a wholly-owned domestic subsidiary because the subsidiary was an "agent" of the German corporation).[5]

For this reason alone, Muhlbauer, Inc.'s challenge to service of the subpoenas on the Muhlbauer Group is meritless.

### 2. KBA also properly served the Muhlbauer Group under Rule 4(h)(1)(A)

While service under Rule 4(h)(1)(B) alone suffices, KBA properly effected service under Rule 4(h)(1)(A) as well by serving the subpoenas in compliance with Virginia law.

---

[4] Rule 4(h)(1)(A) authorizes service on corporations in the same manner as upon individuals.

[5] Muhlbauer, Inc. purports to distinguish *Dewey* as applying New Jersey law. *Dewey* expressly relied both on "Rule 4(h) and New Jersey law, [which] permit service of process upon a foreign corporation by serving an agent of the foreign corporation …." 558 F. Supp. 2d at 512.

Muhlbauer, Inc. disputes the effectiveness of service under Virginia law on the ground that Muhlbauer, Inc. and its counsel are "not the registered agent for service of process" or expressly "authorized to accept service for" members of the Muhlbauer Group. Opp'n pp. 7-9. KBA has never argued that they were. And while KBA has pointed out the apparent disregard of corporate formalities by Muhlbauer, Inc., KBA did so to demonstrate the existence of an agency relationship between Muhlbauer, Inc. and the Muhlbauer Group, not to establish service through an alter-ego theory.

The only pertinent argument KBA makes as to service under Virginia law is to dispute the applicability of Section 8.01-288. Opp'n p. 11. Muhlbauer, Inc. argues that Section 8.01-288 cannot render service effective here because, according to Muhlbauer, Inc., KBA was required to serve the Muhlbauer Group under the Hague Convention. Opp'n p. 11. The premise of Muhlbauer, Inc.'s argument, however, is that Rule 4(h)(1) is inapplicable, which in turn rests on misreading the phrase "in a judicial district of the United States" as referring to the place where a corporation resides. *See supra* § II.C.1. Because Muhlbauer, Inc. is wrong about the meaning of Rule 4(h)(1), its assumption that KBA is limited to serving the Muhlbauer Group via Rule 4(h)(2) and under the Hague Convention is wrong as well.

Muhlbauer, Inc. also cites one unpublished state court decision to support its argument that Section 8.01-288 is inconsistent with service under the Hague Convention – *Brokers, Inc. v. Redier*, 2000 WL 1052808 (Va. Cir. Ct. March 15, 2000).[6] Ignoring for the moment that service

---

[6] Muhlbauer, Inc. cites two district court decisions for the proposition that Virginia law does not permit service on a foreign corporation through a subsidiary so long as those entities maintain distinct corporate identities. Opp'n p. 7 (citing *Davies v. Jobs & Adverts Online, GmbH*, 94 F. Supp. 2d 719, 722023 (E.D. Va. 2000); *Fleming v. Yamaha Motor Corp., USA*, 774 F. Supp. 992, 994 (W.D. Va. 1991). The plaintiffs in those cases, however, apparently did not raise Section 8.01-288 as a basis for service, the courts never addresses the potential applicability of that section, and thus the cases are not relevant authority.

is permissible her under Rule 4(h)(1) (which alone makes *Redier* distinguishable), *Redier* stated *in dicta* that Section 8.01-288 may be inconsistent with the Hague Convention to the extent Section 8.01-288 permits service solely based on notice. *Id.* at *3. Even if that were correct, *Redier* did not involve a situation where, like here, service could be effected in the U.S. through a local agent. Moreover, KBA separately mailed the subpoenas and this motion (which attached copies of the subpoenas) to the Muhlbauer Group's offices in Germany, and *Redier* recognizes that such service comports with the Hague Convention.[7]

KBA thus properly served the Muhlbauer Group under Rule 4(h)(1)(B), including by ensuring delivery of the subpoenas on the Muhlbauer Group.

### D. This Is Not An Extraordinary Case Where The Waiver Of Objections To The Subpoenas By The Muhlbauer Group Should Be Excused

In a final effort to prevent discovery, Muhlbauer, Inc. asks the Court to refuse to enforce the subpoena on grounds of overbreadth and burden. Opp'n pp. 12-13.

As an initial matter, Muhlbauer, Inc. clearly lacks standing to object to the subpoenas on these grounds. *See Methode Elecs., Inc. v. Infineon Techs. Corp.*, No. C 99-21142 JW (RS), 2002 WL 33831643, at *1 (N.D. Cal. March 15, 2002). Regardless, Muhlbauer, Inc. has not and cannot overcome its heavy burden to establish that KBA's subpoenas are so unreasonable or oppressive that this Court should *sua sponte* limit their scope or quash them outright. Aside from *ipse dixit*, Muhlbauer, Inc. has made no showing as to the burden on the Muhlbauer Group.

KBA's subpoenas seek relevant information relating to the claims and defenses in this case, are limited in scope, and identify the documents sought with reasonable particularity. If the

---

[7] TEMA also was served in conformance with Virginia law for a separate reason. Discovery has revealed that TEMA has transacted business in the Commonwealth, yet does not appear to be authorized to do so. As a result, KBA could effect personal service on "any agent" of TEMA, which includes Muhlbauer, Inc. *See* Va. Code Ann. § 8.01-301(1).

Muhlbauer Group was concerned about the burdens associated with responding to these requests, then it could have objected to the subpoenas or met and conferred with KBA to narrow the scope of the requests. *See Funeral Consumers Alliance, Inc. v. Serv. Corp. Int'l.*, 2006 U.S. Dist. LEXIS 81005, at *6-7 (E.D. Wis. Nov. 1, 2006) (holding third-party's failure to object waived all objections, including privilege). The Muhlbauer Group did neither, instead choosing to stonewall discovery.

This is not the type of extraordinary case that warrants *sua sponte* involvement by the Court to protect unsophisticated or disinterested third-parties. The Muhlbauer Group is aware of and oversees this litigation, yet refused to meet and confer in any fashion despite repeated requests by KBA. After forcing KBA to bring this motion, and allowing months to pass, the Muhlbauer Group should not be given a "do over" to dispute the enforceability of the subpoenas through Muhlbauer, Inc. No public policy favors burdening this Court with issues that the Muhlbauer Group did not see fit to present at any time during the last three months.

Muhlbauer, Inc.'s various other objections to enforcement of the subpoenas thus should be overruled.

### III.   CONCLUSION

KBA respectfully requests that the Court disregard Muhlbauer, Inc.'s improper and untimely "opposition," hold that TEMA, Muhlbauer AG, and Muhlbauer Holding have waived

any objections, and enter an order directing TEMA, Muhlbauer AG, and Muhlbauer Holding to comply with the subpoenas in their entirety.

Respectfully submitted,

Dated: December 2, 2008  By: /s/ E. Kyle McNew
    E. Kyle McNew, VSB No. 73210
    Counsel for Plaintiff KBA-GIORI, INC.
    **TROUTMAN SANDERS LLP**
    222 Central Park Avenue, Suite 2000
    Virginia Beach, VA 23462
    Telephone: (757) 687-7788
    Facsimile: (757) 687-1505
    E-mail: kyle.mcnew@troutmansanders.com

    Jeffrey M. Olson, Esq. (admitted *pro hac vice*)
    Counsel for Plaintiff KBA-GIORI, INC.
    **SIDLEY AUSTIN LLP**
    555 West Fifth Street, Suite 4000
    Los Angeles, California 90013
    Telephone: (213) 896-6000
    Facsimile: (213) 896-6600
    E-mail: jolson@sidley.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of December, 2008, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Counsel for Defendant Muhlbauer, Inc.**

Michael R. Katchmark, Esq. (mkatchmark@wilsav.com)
**WILLCOX & SAVAGE, P.C.**
One Commercial Place, Suite 1800
Norfolk, Virginia 23510


Gary M. Ropski, Esq. (gropski@usebrinks.com)
Michael P. Chu, Esq. (mchu@usebrinks.com)
Mircea A. Tipescu, Esq. (mtipescu@usebrinks.com)
Christopher T. Sukhaphadhana, Esq. (csukhaphadhana@usebrinks.com)
Richard Duane Watkins (rwatkins@usebrinks.com)
Richard Edward Stanley, Jr. (rstanley@usebrinks.com)
**BRINKS HOFER GILSON & LIONE**
NBC Tower
455 North Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611

In addition, I caused true and correct copies of the foregoing document to be served on the following entities in the following manner:

| | |
|---|---|
| TEMA GmbH | Muhlbauer AG |
| **c/o MUHLBAUER, INC.** | **c/o MUHLBAUER, INC.** |
| 725 Middle Ground Boulevard | 725 Middle Ground Boulevard |
| Newport News, Virginia 23606 | Newport News, Virginia 23606 |
| (via First Class mail delivery) | (via First Class mail delivery) |

| | |
|---|---|
| Muhlbauer Holding AG & Co. KgaA<br>**c/o MUHLBAUER, INC.**<br>725 Middle Ground Boulevard<br>Newport News, Virginia  23606<br><br>(via First Class mail delivery) | Kevin W. Grierson<br>**WILCOX & SAVAGE**<br>One Commercial Place, Suite 1800<br>Norfolk, Virginia  23510<br>Telephone:  (757) 628-5603<br>Facsimile:  (757) 333-3603<br>E-mail:  kgrierson@wilsav.com<br><br>(via First Class mail and E-mail) |

                                                                      /s/ E. Kyle McNew
E. Kyle McNew, VSB No. 73210
Counsel for Plaintiff KBA-GIORI, INC.
**TROUTMAN SANDERS LLP**
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone: (757) 687-7768
Facsimile: (757) 687-1505
E-mail: kyle.mcnew@troutmansanders.com

373216v1