IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| KBA-GIORI, NORTH AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> MUHLBAUER, INC. and TEMA GMBH, <br><br> Defendants, <br><br> UNITED STATES OF AMERICA, <br><br> Intervenor-Defendant. | Civil Action No. 2:08-cv-34-HCM-TEM <br><br> District Judge Henry C. Morgan, Jr. <br><br> Magistrate Judge Tommy E. Miller |

**BRIEF IN SUPPORT OF MUHLBAUER, INC. AND TEMA GMBH'S MOTION IN LIMINE TO EXCLUDE ALLEGATIONS OF INDIRECT INFRINGEMENT**

Plaintiff KBA-Giori, North America, Inc. ("KBA") intends to argue at trial that Defendants Muhlbauer, Inc. and TEMA GmbH (collectively, "Muhlbauer") indirectly infringed U.S. Patent Nos. 5,384,859 ("'859 patent") via inducement and contributory infringement. Such arguments and supporting evidence should be excluded pursuant to Fed. R. Civ. P. 37(c)(1) because KBA failed to disclose the basis for any claim of induced or contributory infringement during discovery. In addition, KBA should be barred from making claims of induced or contributory infringement because KBA's claims are legally deficient.

**I.   KBA'S ALLEGATIONS OF INDUCED AND CONTRIBUTORY INFRINGEMENT**

KBA continually shifted its infringement contentions throughout the litigation and stonewalled on discovery, making it difficult for Muhlbauer to discern the basis for its infringement contentions.

In its original Complaint filed on January 18, 2008, KBA alleged that Muhlbauer directly and indirectly infringed the '859 patent "[b]y making, using, selling, offering to sell and/or importing imaging and print inspection equipment." (Dkt. 1, Compl. ¶ 10.) After Muhlbauer was forced to seek the assistance of this Court, KBA was ordered to file an Amended Complaint on August 4, 2008, clarifying that KBA alleged that the "products designated as 'PI-Sheet Inline', 'PI-Sheet Stand-Alone' and 'NASC'" infringed the '859 patent. (Dkt. 23, Am. Compl. ¶ 10.) In light of KBA's clarification, Muhlbauer noted that KBA had brought this action in the wrong court, noting that 28 U.S.C. § 1498 barred suits against the U.S. Government and its contractors. Accordingly, Muhlbauer moved for summary judgment pursuant to 28 U.S.C. § 1498 because all of the accused products were solely owned and operated by the United States government, through the Bureau of Engraving and Printing ("BEP"). (Dkt. 29-2, Mem. Supp. Mot. Summ. J. at 1-2.) Under section 1498, summary judgment was appropriate because KBA was required to bring its action for infringement in the Court of Federal Claims rather than this Court. *See* 28 U.S.C. § 1498(a).

In response to Muhlbauer's motion for summary judgment, KBA yet again shifted the target, completely changing what products were accused of infringement. On January 20, 2009, KBA amended its complaint again, this time to specifically "[e]xclud[ ] from [its] claim for patent infringement . . . any prayer for relief solely associated with providing print inspection equipment and software to the BEP." (Dkt. 156, Sec. Am. Compl., ¶ 29.) By switching from seeking relief for BEP products to specifically excluding them in its Second Amended

Complaint, KBA effectively changed the entire basis for its infringement contentions more than a year after filing this suit.[1]

The pleadings were not the only source of confusion and frustration to the defendants in this action. Muhlbauer's efforts to discern the basis of KBA's indirect infringement contentions throughout the most basic written discovery were also thwarted by KBA. More than one year ago, on September 13, 2008, Muhlbauer served the following straightforward contention interrogatory on KBA on the issue of indirect infringement:

> 3. Separately for each claim of the Patent-in-Suit that Plaintiff alleges is contributorily infringed by Muhlbauer, or for which Plaintiff alleges that Muhlbauer has induced infringement, identify the alleged direct infringement underlying the alleged contributory or induced infringement, including the alleged direct infringer, the alleged directly infringing product(s) by model number or process(es), and, using a claim chart, the full factual basis and explanation for the alleged direct infringement, and set forth the full factual basis and explanation, including each fact, person with knowledge, and document, that supports Plaintiff's contention that the activities and/or conduct of Muhlbauer amounts to contributory and/or inducing infringement.

Declaration of Richard Watkins ("Watkins Decl."); Ex. AA (Muhlbauer's First Interrogs.) at 5.

For months, KBA used vague and incomplete answers to Muhlbauer's Interrogatory No. 3 to avoid disclosing the basis for its indirect infringement contentions.

- On October 15, 2008, KBA refused to answer the interrogatory and stated only that "KBA will not respond to this interrogatory at this time." Watkins Decl.; Ex. BB (KBA First Resp. to Interrogs.) at 6.

- In its January 1, 2008 First Supplemental Responses to Muhlbauer's interrogatories, KBA again did not answer Interrogatory No. 3. Watkins Decl.; Ex. CC (KBA First Suppl. Resp. to Interrogs.)

---

[1] KBA's indecisiveness about which products its believes infringe its '859 patent suggests that KBA may not have performed a sufficiently thorough pre-filing investigation before suing Muhlbauer.

- When KBA finally did respond to Interrogatory No. 3 on June 29, 2009, barely three months ago, KBA included only the following vague cross-reference to one of its expert reports, "KBA incorporates by reference in its entirety the expert report of Richard T. Mihran, Ph.D, dated June 26, 2009." Watkins Decl.; Ex. DD (KBA Sec. Suppl. Resp. to Interrogs.) at 7.

- Similarly, KBA's Third Supplemental Responses to Muhlbauer's interrogatories again cross-references KBA's expert reports without any explanation or even pin citations: "KBA incorporates by reference in its entirety the expert reports of Richard T. Mihran, Ph.D., dated June 26, 2009 and August 10, 2009, and Russell W. Mangum, Ph.D., dated June 26, 2009 and August 10, 2009, including without limitation all materials referenced therein." Watkins Decl.; Ex. EE (KBA Third Suppl. Resp. to Interrogs.) at 7-8.

The expert reports cross-referenced in KBA's response to Interrogatory No. 3 do little to clarify KBA's contentions regarding indirect infringement. Neither Dr. Mihran nor Dr. Mangum directly articulate Plaintiff's contentions regarding indirect infringement. In fact, the only portion of any of the reports cited in KBA's response to Interrogatory No. 3 that even arguably touches on indirect infringement, are two paragraphs relating specifically to the subject matter of Claim 17, which requires "determining from a plurality of acceptable proof copies an acceptable tolerance range for each said nominal grey value." Watkins Decl.; Ex. FF (Mihran Resp. Rep.) ¶¶ 83, 93-94. However, KBA stated at the pretrial attorney conference held on September 25, 2009 that it no longer intended to pursue any claims for infringement of Claim 17. Watkins Decl. ¶ 8. Accordingly, KBA has indisputably failed to disclose the basis for its indirect infringement contentions for any of the claims that are now remaining at issue in this suit.

## II. ARGUMENT

### A. KBA Should Be Barred From Arguing Indirect Infringement Due To Its Failure To Present Any Basis For Such A Claim During Discovery

Any allegation of induced or contributory infringement at trial is impermissible under Fed. R. Civ. P. 37(c)(1) because KBA failed to provide any basis for such claims during discovery. Rule 37(c)(1) provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless.

Rule 26(a)(2)(B)(i) requires that a party provide expert reports containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Rule 26(e)(1)(A) mandates that a party "must supplement or correct its disclosure or response [to interrogatories] in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."

KBA should be barred from alleging contributory or induced infringement because it failed to include any allegation or explanation of any type of indirect infringement in its response to Muhlbauer's Interrogatory No. 3. Interrogatory No. 3 required KBA to "set forth the full factual basis and explanation, including each fact, person with knowledge, and document, that supports Plaintiff's contention that the activities and/or conduct of Muhlbauer amounts to contributory and/or inducing infringement." Watkins Decl.; Ex. AA, (First Interrogs.) at 5. KBA's response does not attempt to articulate the basis for its indirect infringement claims. Instead, KBA merely references the expert reports of Drs. Richard T. Mihran and Russell W. Mangum, neither of which contains any analysis of induced or contributory infringement.

Moreover, the only analysis in the reports that even arguably touches on facts relating to indirect infringement is specifically linked to the subject matter of Claim 17 – a claim that is no longer at issue in this suit. Thus, any allegation of indirect infringement at trial would be completely new and improper under Rule 26(e) because it was not made in KBA's response to Interrogatory No. 3. In addition, any attempt by KBA to present expert testimony on indirect infringement from Drs. Mihran or Mangum would be improper under Rule 26(a)(2)(B)(i), because neither provided any opinion on indirect infringement on any of the claims at issue in their expert reports.[2]

Because any allegation of indirect infringement by KBA would run afoul of Rule 26(e)(1)(A) and Rule 26(a)(2)(B)(i), allegations of indirect infringement should be barred at trial pursuant to Rule 37(c)(1).

**B.      KBA's Claims Of Indirect Infringement Are Legally Deficient**

KBA should also be precluded from making any argument regarding indirect infringement because it has failed to allege the required elements for such a claim of indirect infringement. Indirect infringement includes induced infringement under 35 U.S.C. § 271(b) and contributory infringement under 35 U.S.C. § 271(c). KBA has never alleged or supplied any interrogatory response alleging that Muhlbauer had the requisite specific intent for a claim of induced infringement. With regard to contributory infringement, KBA's claims should be barred with respect to Muhlbauer's pre-filing conduct because Muhlbauer was indisputably unaware of

---

[2] KBA cannot claim its violation of Rule 26(a) and (e) was "substantially justified or . . . harmless." *See* Fed. R. Civ. P. 37(c)(1). Given Muhlbauer's explicit interrogatory directed to the basis for KBA's indirect infringement claims, KBA's failure to provide this information is not justified. Indeed, KBA has never provided even a semblance of an excuse. Likewise, KBA's actions were not harmless because they effectively denied Muhlbauer an opportunity to question KBA's witnesses on this issue.

the '859 patent prior to KBA filing suit and thus could not have had the requisite knowledge for contributory infringement.

### 1. KBA's has failed to disclose evidence sufficient to show the specific intent required for inducement under Section 271(b)

Under section 271(b) "[w]hoever actively induces infringement of a patent shall be liable as an infringer." In order to prevail on an inducement theory, "a patent holder must prove that once the defendants knew of the patent, they 'actively and knowingly aid[ed] and abett[ed] another's direct infringement.'" *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc in relevant part) (citation omitted). This intent element requires more than "mere knowledge of possible infringement by others." *Id.* (quotation marks and citation omitted). Instead, the party asserting inducement must prove that "the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Id.* (quotation marks and citation omitted). In sum, "inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* at 1306.

#### a. KBA cannot allege pre-filing inducement because Muhlbauer was unaware of the '859 patent

KBA should be barred from making any claim of induced infringement based on Muhlbauer's pre-filing conduct because there is no evidence that KBA even knew of the '859 patent prior to when this suit was filed, let alone had specific intent to cause others to infringe the patent. *See id.* at 1304 (holding the intent to induce "necessarily includes the requirement that he or she knew of the patent."); *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed.Cir.2008) (holding intent to cause acts infringing acts is insufficient for specific intent). Accordingly, at minimum, KBA should be barred from making any claim of induced infringement based on Muhlbauer's pre-filing activities because such a claim is legally deficient.

7

### b. KBA has failed to point to any evidence of specific intent post-filing

Any allegation of induced infringement based on Muhlbauer's post-filing conduct should also be barred because KBA has failed to point to any evidence showing that Muhlbauer engaged in the type of "culpable conduct" required to show specific intent to infringe the '859 patent. Indeed, the only arguable evidence that Muhlbauer or its employees encouraged any activities by others relates to a single claim of the '859 patent – Claim 17, which is no longer at issue in this litigation. *See* Watkins Decl., Ex. FF (Mihran Resp. Rep.) ¶¶ 93-94.

### 2. Muhlbauer did not have knowledge of the '859 patent prior to suit as required for contributory infringement

Section 271(c) provides that a person may be liable for contributory infringement for making, using, or selling a material component of a patented device or process "knowing the same to be especially made or especially adapted for use in an infringement of such patent . . . ." 35 U.S.C. § 271(c). Thus, Section 271(c) "require[s] a showing that the alleged contributory infringer knew that the combination for which his component was especially designed was both patented and infringing." *Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 491 (1964); *Trell v. Marlee Elecs. Corp.*, 912 F.2d 1443, 1447 (Fed. Cir. 1990). Here, where Muhlbauer indisputably did not know of the '859 patent prior to KBA filing suit, Muhlbauer could not have had the requisite knowledge for a claim of contributory infringement. Accordingly, KBA should be barred from making any claim of contributory infringement base don Muhlbauer's pre-filing conduct.

## III. CONCLUSION

Muhlbauer respectfully requests that the Court bar KBA from making allegations of indirect infringement at trial because any such allegations would violate Fed. R. Civ. P. 26(a) and (e) and any such allegations are legally deficient.

Dated: September 29, 2009　　　　Respectfully submitted,

By:    /s/
Michael R. Katchmark
(VSB No. 40440)
Brett A. Spain
(VSB No. 44567)
Counsel for Defendants
WILLCOX & SAVAGE, P.C.
One Commercial Place, Ste. 1800
Norfolk, Virginia 23510
(757) 628-5500 (telephone)
(757) 628-5566 (facsimile)
mkatchmark@wilsav.com
bspain@wilsav.com

Gary M. Ropski
Michael P. Chu
Mircea A. Tipescu
Richard D. Watkins
Christopher T. Sukhaphadhana
BRINKS HOFER GILSON & LIONE
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, IL 60611
(312) 321-4200 (telephone)
(312) 321-4299 (facsimile)
gropski@usebrinks.com
mchu@usebrinks.com
mtipescu@usebrinks.com
rwatkins@usebrinks.com
csukhaphadhana@usebrinks.com

JC Miller
(VSB No. 48575)
THOMPSON HINE, LLP
1920 N Street NW, Suite 800
Washington, DC 20036
(202) 331-8800 (telephone)
(202) 331-8330 (facsimile)
JC.Miller@ThompsonHine.com

9

*Attorneys for Defendants*
MUHLBAUER INC. & TEMA GMBH

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of the filing to the following:

Mary C. Zinsner
TROUTMAN SANDERS LLP
1600 International Drive, Suite 600
McLean, VA 22102
E-mail: mary.zinsner@troutmansanders.com

Jason E. Manning
Jeffrey H. Gray
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
E-mail: jason.manning@troutmansanders.com
E-mail: jeffrey.gray@troutmansanders.com

Susan L. Watt
UNITED STATES ATTORNEY'S OFFICE
101 W. Main Street, Suite 8000
Norfolk, VA 23510
E-mail: susan.watt@usdoj.gov

Gary L. Hausken
UNITED STATES DEPARTMENT OF JUSTICE
Commercial Litigation Branch, Civil Division
Washington, DC 20530
E-mail: gary.hausken@usdoj.gov

Daniel E. Gustafson
GUSTAFSON GLUEK PLLC
608 Second Avenue South, Suite 650
Minneapolis, MN 55402
E-mail: dgustafson@gustafsongluek.com

Jeffrey M. Olson
Matthew S. Jorgenson
Paul H. Meier
Samuel N. Tiu
Sean A. Commons
SIDLEY AUSTIN LLP
555 W. Fifth Street, Suite 4000
Los Angeles, CA 90013
E-mail: jolson@sidley.com
E-mail: mjorgenson@sidley.com
E-mail: pmeier@sidley.com
E-mail: stiu@sidley.com
E-mail: scommons@sidley.com


To the best of my knowledge, there are no other attorneys who require service by U.S. Mail

By:   /s/
    Michael R. Katchmark
    (VSB No. 40440)
    Counsel for Defendant Muhlbauer Inc.
    WILLCOX & SAVAGE, P.C.
    One Commercial Place, Ste. 1800
    Norfolk, Virginia 23510
    (757) 628-5615
    (757) 333-3615 (Facsimile)
    Email: mkatchmark@wilsav.com