UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| KBA-GIORI, NORTH AMERICA, INC., ) | Civil Action No. 2:08-cv-34-HCM-TEM |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S RESPONSE TO** |
| ) | **DEFENDANTS' OPPOSITION TO** |
| v. ) | **MOTION IN LIMINE TO EXCLUDE** |
| ) | **THE TESTIMONY OF MARIO DE** |
| MUHLBAUER, INC. and TEMA GmbH, ) | **GASPERI** |
| ) | |
| Defendants. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Intervenor-Defendant. ) | |
| ) | |

## I.  INTRODUCTION

Plaintiff KBA-Giori, North America, Inc. ("KBA") respectfully submits this response to defendants Muhlbauer, Inc. and TEMA GmbH's ("Muhlbauer") opposition to KBA's motion to exclude any testimony by Mario De Gasperi.[1]  The Court should exclude his testimony not only under Rule 37 due to Muhlbauer's repeated discovery violations, but also because it is either irrelevant or new expert testimony that the Court has already excluded from the trial.

---

[1] The parties' recent correspondence regarding the testimony of Mr. De Gasperi are attached as Exhibits 1-5 to the concurrently-filed declaration of Jason Manning.

## II. DISCUSSION

### A. The Court Should Exclude All Of Mr. De Gasperi's Proposed Testimony As Irrelevant Or Because It Is Expert Opinion Testimony That Muhlbauer Seeks To Use To Prove Obviousness

At the October 5, 2009 pre-trial conference, the Court instructed Muhlbauer to disclose with particularity the full extent of Mr. De Gasperi's expected testimony. Instead of complying, Muhlbauer has stated only,

> "[W]e expect that he will testify regarding the **disclosure** and **teachings** *in his patent*, ***including whether his invention*** 1) **works** on high contrast areas of an image and 2) **tests** for "small areas" in which the measured standard deviation is too low. We also expect that Mr. DeGasperi will testify regarding the **reduction to practice** *of his invention*, ***including*** his **prior use** of an average instead of a standard deviation as a measure of the luminance for each small area."

Manning Decl., Ex. 2, emphasis supplied. This brief statement does not describe what Mr. De Gasperi will say regarding the "disclosure and teachings" of the '385 patent; it provides only two potential "examples" of this subject matter. It also does not describe what he will say regarding the "reduction to practice" of the '385 patent; it provides only one potential "example" of this subject matter.

As an initial matter, the Court should not condone Muhlbauer's continuing efforts to conceal the full extent of Mr. De Gasperi's testimony. Moreover, the reason for this concealment is transparent. Muhlbauer knows full well that more specific disclosures would further highlight the reasons why Mr. De Gasperi's testimony should be excluded. These vague disclosures mean KBA will not learn the actual substance of Mr. De Gasperi expected testimony until, at the earliest, mid-way through trial, thereby preventing KBA from anticipating his testimony (e.g., during the opening statement) or responding with expert testimony.[2]

---

[2] Muhlbauer's present position is that Mr. De Gasperi is available for a deposition on Sunday, October 18, 2009, four days after the start of trial. Manning Ex. 5, and see infra.

Muhlbauer's limited disclosure, however, confirms that there are only three categories of testimony that Mr. De Gasperi might offer, all of which should be excluded:

1. ***A recitation of what is set forth in U.S. Patent No. 4,433,385 ("the '385 patent")***: As to this, Mr. De Gasperi's testimony is unnecessary. The '385 patent speaks for itself, and Muhlbauer already has an expert (Dr. Acton) who will testify as to those disclosures.

2. ***A recitation of facts purportedly relating to the development of the '385 patent and purportedly known to Mr. De Gasperi, but nowhere disclosed in the '385 patent***: As to this, whatever Mr. De Gasperi might say is legally irrelevant, as nothing that he purportedly did or observed in Italy over twenty yeas ago can be prior art. *See* 35 U.S.C. §§ 102(a) (1991) (prior art must have been "known or used by others in this country"), 102(g) (1991) (prior art is a prior invention "made in this country").

3. ***Opinions about how the '385 patent should be interpreted and what conclusions "one skilled in the art" would draw***: As to this, Mr. De Gasperi would be providing **expert testimony** for which Muhlbauer provided no expert disclosures and which the Court **excluded** at the pretrial conference.

Category three is the only potentially relevant subject matter, and Muhlbauer's cursory explanation of the proposed testimony of Mr. De Gasperi makes apparent that this continues to be the intended focus at trial, notwithstanding the Court's order to the contrary. Specifically, Muhlbauer hopes the jury will accept Mr. De Gasperi's personal views about the "teachings" of the '385 patent, his alleged "reduction to practice," and his purported "prior use" as evidence of what was known to one of ordinary skill in the art to establish *obviousness*. All of this is unquestionably expert testimony, which should be excluded.

The standard for obviousness is what the combined teachings of the analogous prior art references would have suggested to a person of ordinary skill in the art. 35 U.S.C. § 103; *Brown*

*& Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229 F.3d 1120, 1124 (Fed. Cir. 2000). Whether something "is in the prior art" is a "legal inquiry." *Panduit Corp. v. Dennison Mfg. Co.*, 810 F.2d 1561, 1568 (Fed. Cir. 1987). Once the scope of the prior art is appropriately identified, "[t]he relevant inquiry is what a hypothetical ordinarily skilled artisan would have gleaned from the cited references at the time …." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1364 (Fed. Cir. 2001).

In addition, what any particular individual "did or did not *personally* realize at the time based on his actual knowledge is irrelevant." *Id.* (emphasis in original). Moreover, the testimony of Mr. De Gasperi is irrelevant for a very important reason.

> "The statutory emphasis is on a person of *ordinary* skill. Inventors, as a class, according to the concepts underlying the Constitution and the statutes that have created the patent system, possess something -- call it what you will -- which sets them apart from the workers of *ordinary* skill, and one should not go about determining obviousness under § 103 by inquiring into what *patentees* (i.e., inventors) would have known or would likely have done, faced with the revelation of references."

*Bausch & Lomb, Inc. v. Barnes-Hind/Hydrocurve, Inc.*, 796 F.2d 443, 448 (Fed. Cir. 1986) (quoting *Standard Oil Co. v. American Cyanamid Co.*, 774 F.2d 448, 454 (Fed. Cir. 1985)) (emphases in original).

Here, because Mr. De Gasperi's personal knowledge is not the standard for skill in the art, what a particular reference, in this case the '385 patent, teaches a person of ordinary skill in the art is expert testimony. The requirement of expert testimony on the level of skill in the art and what would be understood by one of skill in the art, combined with the technical field of invention at issue in this case, explains why both parties previously retained experts to opine about the "teachings" of the '385 patent. *See* FRE 702; s*ee also Proveris Scientific Corp. v. Innovasystems, Inc.*, 536 F.3d 1256, 1267 (Fed. Cir. 2008); *Centricut, LLC v. Esab Group, Inc.*,

390 F.3d 1361, 1369-70 (Fed. Cir. 2004) ("typically expert testimony will be necessary in cases involving complex technology").

Muhlbauer's two examples of Mr. De Gasperi's testimony as to "**<u>disclosure</u>** and **<u>teachings</u>** *in his patent*" do ***not*** fall within the category of a *disclosure* in the '385 patent, because the '385 patent neither states that the inspection method "**works** on high contrast areas of an image" nor that it "**tests** for 'small areas' in which the measured standard deviation is too low." Rather, Muhlbauer presumably intends for Mr. De Gasperi to testify that the '385 patent somehow **teaches** these concepts such that they would be understood in a certain way to a person of ordinary skill in the art. The basis for this testimony is still unknown to KBA, as it finds no foundation for either found in the '385 patent or in Muhlbauer's technical expert's testimony.[3]

KBA clearly will be unduly prejudiced should Mr. De Gasperi be permitted to testify to the "teachings" of the '385 patent. Muhlbauer set forth what it contends that the '385 patent teaches in the invalidity expert report of Dr. Acton. In response, Dr. Mihran explained his view of what the '385 patent teaches in his expert report. Both of these individuals gave a deposition regarding this issue in August 2009, and the parties have accordingly prepared for trial. Now,

---

[3] Specifically, Muhlbauer does not identify any excerpts from the '385 patent that purportedly support either or both of these alleged teachings, nor has Muhlbauer's expert Dr. Acton. As to the first point, regarding the claim 1 limitation of "high contrast image elements," Dr. Acton simply ignores the words "high contrast" in his expert report, and does not assert that the De Gasperi method will work on high contrast areas of an image. Manning Decl., Ex. 6 (Acton Report ¶¶ 183-84). As to the second point, Dr. Acton testified that "there's no such example [in the '385 patent] where … the test standard is compared to a minimum." Manning Decl., Ex. 7 (8/25/09 Acton Depo. at 166-67).

Muhlbauer seeks to have another bite at the teachings of '385 patent, for which KBA will have no opportunity to prepare and no opportunity to respond.

Muhlbauer's planned evidence of the "**reduction to practice** *of his invention*" is, as explained above, decidedly **not** prior art. The only example provided is the unexplained assertion that when Mr. De Gasperi was working on his invention, he used "an average instead of a standard deviation as a measure of the luminance for each small area." The use of an average is ***not*** disclosed in the '385 patent, which purports to explain an inspection technique that exclusively involves the comparison of standard deviations. If admitted, this testimony will only prejudice and confuse the jury's deliberations regarding the appropriate legal framework for prior art when rendering a verdict on the issue of obviousness, *i.e.*, what the combined teachings of the analogous prior art references would have suggested to a person of ordinary skill in the art.[4] In addition, KBA can only presume that Mr. De Gasperi will merely claim that he also developed a different inspection technique from that disclosed in the '385 patent without a shred of corroboration by contemporaneous documentation. The law does permit a witness to present evidence of prior inventorship with uncorroborated testimony. *Martek Biosciences Corp. v.*

---

[4] Muhlbauer's proposed jury instructions further reveal its intent to improperly use Mr. De Gasperi's testimony to support its obviousness case. See Dkt. 377, Jury Instruction No. 27 at 68 of 86, where Muhlbauer proposes to instruct the jury that:

> "If a technique has been used to improve one device, and a person of ordinary skill in the art would recognize that it would improve similar devices in the same way, using the technique would have been obvious unless the actual application is beyond that person's skill. In answering this question, it will often be necessary to consider … the background knowledge possessed by persons of ordinary skill in the art."

Plainly, Muhlbauer intends to argue that because Mr. De Gasperi purportedly would understand how to arrive at the teachings of the '859 patent, the invention is obvious. However, as explained above, such reasoning either fails to apply the standard of "ordinary skill" and erroneously adds to what qualifies as "prior art," or amounts to expert testimony about what "one of skill in the art" would purportedly know or understand.

*Nutrinova, Inc.*, 579 F.3d 1363, 1374-76 (Fed. Cir. Sept. 3, 2009) ("An alleged prior inventor must provide independent corroborating evidence in addition to his own statements and documents") (citation omitted).

Therefore, the Court can and should affirm its prior ruling at the pre-trial conference that Mr. De Gasperi cannot testify as an expert. As a result, the Court should exclude Mr. De Gasperi's testimony as irrelevant and unduly prejudicial testimony reflecting his personal understanding or as expert testimony never previously disclosed.

**B.    The Court Should Exclude Mr. De Gasperi's Because Of Muhlbauer's Repeated Discovery Violations**

In addition to being entirely irrelevant or undisclosed expert testimony, the Court can and should exclude Mr. De Gasperi because he was never disclosed as a witness of any kind.

Incredibly, Muhlbauer argues that it is proper to conceal a witness until after the close of discovery so long as the person is listed on a Rule 26(a)(3) pretrial disclosure. Dkt. 335 at 3-4. By its very terms, Rule 26(a)(3) calls for the exchange of pretrial disclosures "***[i]n addition*** to the disclosures required by Rule 26(a)(1) and (2)." (emphasis added).[5] The duty to disclose under Rule 26(a)(1) is triggered when a party "may use" a person "likely to have discoverable information …." Muhlbauer admittedly knew it "may use" Mr. De Gasperi no later than July 21, 2009, but waited until he agreed to testify on September 11, 2009 to disclose him. Dkt. 335 at 7.

Muhlbauer cannot justify withholding Mr. De Gasperi and "is not excused from making its disclosures because it ha[d] not fully investigated the case …." Fed. R. Civ. P. 26(a)(1)(E). Muhlbauer's resort to 35 U.S.C. § 282 and Rule 26(a)(3) have been soundly rejected by the

---

[5] *See, e.g.*, *Barlow v. GMC*, 595 F. Supp. 2d 929, 935-36 (D. Ind. 2009) (rejecting attempt to use Rule 26(a)(3) to supplement prior disclosures, holding "the *duty* to supplement cannot be transformed into a *right* to ambush just before trial") (emphasis in original); *Falconer v. Penn Mar., Inc.*, 232 F.R.D. 37, 38-40 (D. Me. 2005) (granting motion in limine to exclude persons listed as trial witnesses who were not previously disclosed in compliance with Rule 26(a)(1)).

Federal Circuit. *See Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1376 (Fed. Cir. 2008); *ATD Corp. v. Lydall, Inc.*, 159 F.3d 534, 550-51 (Fed. Cir. 1998). In addition, Muhlbauer cannot rely on § 282 to justify its conduct, because KBA propounded an interrogatory that sought the identity of persons (not just potential witnesses) with information about Muhlbauer's defenses, and Muhlbauer never disclosed Mr. De Gasperi.

Plain and simple, Muhlbauer violated its discovery obligations. Muhlbauer's repeated discovery violations trigger the "self-executing sanction" of exclusion under Rule 37. *Carney v. KMart Corp.*, 176 F.R.D. 227, 229 (E.D. Va. 1997) (quoting Advisory Committee Notes to Rule 37). Indeed, Muhlbauer does not dispute that, under Fourth Circuit law, Rule 37(c)(1) "generally requires exclusion of evidence that a party seeks to offer but has failed to disclose," and that it has the burden to establish substantial justification and harmlessness. *See S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). Muhlbauer's showing on the five factors from *S. States Rack*, however, falls far short of the mark.

1. **The prejudice caused by the untimely disclosure cannot be cured**

KBA has had no opportunity to conduct fact or document discovery to test the veracity of Mr. De Gasperi's as-yet-unknown opinions. No document relating to any of the alleged knowledge, prior "reduction to practice," and "prior use" by Mr. De Gasperi has been produced. KBA also has had no opportunity to work with its current expert to respond to Mr. De Gasperi's as-yet-unknown opinions, and has no ability to retain new experts if needed, particularly to rebut his testimony as one who claims to have specialized or personal knowledge from his experiences regarding what one of skill in the art might know.[6] *See Innogenetics*, 512 F.3d at 1376 (rejecting

---

[6] Because Muhlbauer had never given any indication it would rely on such expert testimony, KBA did not seek to retain an expert that would likewise be in a position to provide rebuttal testimony.

defendant's argument that, because the plaintiff's expert had previously analyzed the patent, plaintiff was not prejudiced by untimely prior art disclosure). KBA also has had no meaningful opportunity to determine whether the co-inventors have information that contradicts Mr. De Gasperi's as-yet-unknown opinions.[7] These disadvantages are compounded because Muhlbauer waited until October 8 to disclose in broad brush-strokes the general topics of Mr. De Gasperi's testimony, but not what his actual opinions and testimony will be. Manning Decl., Ex. 2.

Furthermore, Muhlbauer did not disclose Mr. De Gasperi as an expert or provide an expert report. Prior to Mr. De Gasperi, Muhlbauer's only technical expert on the subject of validity issues, Dr. Scott Acton, had not offered the types of expert opinions Mr. De Gasperi apparently is prepared to offer. Beyond analyzing the prior art references, Dr. Acton did not purport to have any specialized or personal knowledge from his experiences about what was known to one of skill in the art at the time the '859 invention was made.

Muhlbauer suggests that KBA should have taken up its offer to "investigate Mr. De Gasperi's availability for a deposition before trial" (Dkt. 306, Ex. 8 at ¶ 1; Dkt. 335 at 6), but the Court's scheduling order did not permit further depositions, as fact and expert discovery had long since closed. Moreover, until October 8, 2009, KBA had no contact information for Mr. De Gasperi or his co-inventors. Manning Decl., Exs. 2-3. Muhlbauer offers no evidence that Mr. De Gasperi in fact ever was available for deposition before trial or that Muhlbauer would have produced him in the United States absent a court order. In fact, once Muhlbauer was ordered to

---

[7] KBA has no hope of undertaking any timely and required discovery from the other co-inventors in advance of a trial that starts in less than a week. Muhlbauer disclosed contact information for Mr. De Gasperi's co-inventors, Mr. Antonio Racciu and Mr. Dario Nari, by e-mail the evening of October 8, 2009. The contact information that was provided establishes that both are located in Italy, where discovery would be extremely difficult at best, and it would not conclude until long after the trial is scheduled to commence. Manning Decl., Ex. 4.

make Mr. De Gasperi available for a deposition, Muhlbauer refused KBA's request for a deposition prior to trial, citing the "difficult burden" travel represents to Mr. De Gasperi. Manning Decl., Ex. 2. Muhlbauer has now offered to make Mr. De Gasperi available only after trial is underway on Sunday October 18, shortly before he is expected to testify. Manning Decl., Ex. 3, 5. Thus, KBA cannot prepare to deal with his testimony in its opening or perhaps even during Dr. Mihran's testimony in its case in chief.

Muhlbauer cites the 1975 *Shanklin* case to dispute prejudice, but the potential prejudice there was minimized because the witnesses' testimony "was in line with the disclosures in his patent." *Shanklin Corporation v. Springfield Photo Mount Company*, 387 F. Supp. 345, 348 (D. Mass. 1975). Here, in contrast, the only possible purpose of flying Mr. De Gasperi from Italy is to go beyond the disclosures in his patent (Dkt. 335 at 7), because Muhlbauer's expert already is prepared to testify as to what is disclosed in the patent (Dkt. 335 at 5). Indeed, most of the topics Muhlbauer has disclosed appear to have precious little to do with the disclosures in the '385 patent. Manning Decl., Ex. 2. *Shanklin* also was a bench trial, further minimizing the potential prejudice caused by having an undisclosed "prior inventor" testify in a manner that could lead a jury to misapprehend the level of skill in the art.

*Shanklin* also is distinguishable because the prior art in that case was created by U.S. inventors. Whereas U.S. inventors may in certain circumstances have a basis to testify as fact witnesses to prior art, any fact testimony Mr. De Gasperi may offer about prior art – aside from what already is expressly disclosed in his patent – cannot be prior art as a matter of law. *See* 35 U.S.C. § 102(a), (g) (1991) (prior art is subject matter known to or invented by others "***in the United States***"). Mr. De Gasperi lives in Italy. For instance, even if Mr. De Gasperi's testifies that it was his personal practice of "us[ing] an average instead of a standard deviation" for inspection, this testimony should be excluded as irrelevant because this is not what is disclosed

in his patent. Manning Decl., Ex. 2. Such irrelevant testimony could only serve to confuse the jury.

In short, the prejudice is plain. Fact and expert discovery is (and was) closed. *See Primos, Inc. v. Hunter's Specialties, Inc.*, 451 F.3d 841, 850-51 (Fed. Cir. 2006) (affirming exclusion of prior art evidence revealed after discovery closed, even though the existence of the device was raised during discovery). The untimely disclosure of Mr. De Gasperi effectively "stripped [KBA] of any meaningful opportunity to prepare an adequate cross-examination" of him at trial. *See Innogenetics*, 512 F.3d at 1376 (excluding prior art evidence disclosed "on the very last day of discovery").

### 2. Muhlbauer unjustifiably delayed in disclosing Mr. De Gasperi

Muhlbauer claims it could not have identified Mr. De Gasperi any sooner because he did not agree to testify until September 11, 2009. Dkt. 335 at 8. Muhlbauer continues to use the wrong benchmark for disclosure.

The duty to disclose under Rule 26(a)(1) is triggered when a party "may use" a person "likely to have discoverable information …." Muhlbauer does not tell this Court when it became aware of the De Gasperi patent, or when it decided that it "may" want to call Mr. De Gasperi as a trial witness. Muhlbauer's failure to fully explain the circumstances of its knowledge of Mr. De Gasperi and his patent strongly suggests that Muhlbauer's delay in locating Mr. De Gasperi was not justified. Muhlbauer's silence on this critical subject indicates it delayed far more than it has admitted to.[8]

---

[8] Muhlbauer confusingly suggests it was justified in sitting on its hands until KBA's served a rebuttal expert report on validity (Dkt. 335 at 7), but KBA served that report on July 24, 2009, three days **after** Muhlbauer allegedly "began searching for Mr. DeGasperi …." (Dkt. 335 at 2).

Muhlbauer certainly knew of the De Gasperi reference at least as early as the middle of June, 2009 (Dkt. 335 at 1). At the very latest, Muhlbauer also knew that it "may use" Mr. De Gasperi when it began searching for him in July 21, 2009. Dkt. 335 at 2. That was nearly two months before Muhlbauer disclosed him, which is reason enough to exclude his testimony. *See Primos, Inc.*, 451 F.3d at 850-51 (upholding exclusion of prior art "even though the device itself was not located until shortly before trial began" because party "was aware of it as being potential prior art throughout discovery").

Muhlbauer has no excuse for waiting until July 21, 2009 to begin searching for Mr. De Gasperi. Muhlbauer "is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). That is particularly true here, because, KBA served an interrogatory asking for the identity of persons with information about Muhlbauer's defenses, and Muhlbauer withheld this information.

In addition, Muhlbauer does not provide a good reason for why it took roughly six weeks to locate and contact Mr. De Gasperi. Dkt. 335 at 1-2. The most Muhlbauer says is that Internet searches "yielded no information." Dkt. 335 at 8. Even a rudimentary search using a popular web-site such as Google reveals that Mr. De Gasperi resides in Milan, Italy. *See www.google.com* (search "Mario De Gasperi inventor"). The patent itself also lists his address as Milan, Italy.

Muhlbauer again turns to *Shanklin* to justify its delay, arguing that it did not act with an intent to deceive KBA. Dkt. 335 at 8. However, the Court in *Shanklin* did not find the delay reasonable or justified; it instead held the plaintiff waived any objection to the untimely disclosure by waiting until the witness was called at trial to object. 387 F. Supp. at 348. Moreover, unlike here, the plaintiff in *Shanklin* did not seek to exclude the evidence due to noncompliance with Rule 26(a)(1) or (a)(2). Here, KBA promptly objected to Mr. De Gasperi,

and there is good reason to suspect misconduct by Muhlbauer, which knew no later than July 2009 that it might use Mr. De Gasperi at trial. Regardless, as interpreted by the Fourth Circuit, Rule 37 cannot be circumvented by disclaiming "bad faith or callous disregard of the discovery rules …." *S. States Rack & Fixture, Inc.*, 318 F.3d at 597.

### 3. KBA was surprised by Muhlbauer's untimely disclosure of Mr. De Gasperi

Muhlbauer argues in the alternative that "KBA cannot credibly argue that it is surprised." Dkt. 335 at 5. Muhlbauer relies on its discovery response identifying the patent for which Mr. De Gasperi is listed as one of three co-inventors as prior art, expert reports discussing that patent, and Muhlbauer's § 282 notice, which was served at the time of its pre-trial disclosures. *Id.* None of these, of course, eliminates the prejudice to KBA, or proves that KBA was on notice that Muhlbauer may call Mr. De Gasperi as a witness at trial. If anything, Muhlbauer's argument merely confirms that it hid the ball until the last possible moment.

KBA was not on notice that Muhlbauer may call Mr. De Gasperi at trial. It could not anticipate that Muhlbauer would cherry-pick him out of all of the numerous inventors of purported prior art patents. Moreover, KBA could not have anticipated that Mr. De Gasperi would be presented as a witness on matters **not** disclosed in the '385 patent. Muhlbauer effectively argues that it can choose any inventor from its long list of prior art patents so long as it does so roughly thirty days before trial and he should be permitted to testify about anything he claims to know or have an opinion. This is not, and never could be, the law. Fed. R. Civ. P. 26(a)(1)-(2).

Pre-trial disclosures and discovery exist to eliminate surprises before trial, "not to facilitate last-minute production of evidence." *See ATD*, 159 F.3d at 550-51. That is why the Federal Circuit refuses to permit parties to use § 282 as an escape hatch to avoid the consequence of discovery obligations. *See Innogenetics*, 512 F.3d at 1376 (affirming exclusion of prior art

disclosed in compliance with § 282, but not previously disclosed during discovery); *ATD Corp.*, 159 F.3d at 550-51 (affirming exclusion of prior art disclosed in accordance with § 282, but not previously disclosed during discovery); *see also Acromed Corp. v. Sofamor Danek Group, Inc.*, 1999 U.S. Dist. LEXIS 22871, at *17 (N.D. Ohio April 12, 1999) (following *ATD* and excluding evidence disclosed in compliance with § 282, but not in compliance with the Federal Rules). One of Muhlbauer's own cases rejects "any reliance on 35 U.S.C. § 282 as an excuse" for not complying with discovery obligations. *3M Innovations Props., Co. v. Barton Nelson, Inc.*, 59 Fed. R. Serv. 3d 300, 2004 U.S. Dist. LEXIS 15435, at *23-24 (D. Minn. 2004).[9]

### 4. Muhlbauer's proposal would disrupt trial

Muhlbauer argues that allowing Mr. De Gasperi to testify would not disrupt trial because KBA's expert "has already extensively opined on the De Gasperi patent …." Dkt. 335 at 7. However, he has only responded to the invalidity opinions of Dr. Acton regarding what is taught by the '385 patent. KBA could not possibly have offered rebuttal expert opinions to as-yet-unknown testimony by Mr. De Gasperi, especially regarding his undisclosed "reduction to practice" and his expert opinions directed to the teachings of the '385 patent. In addition, Muhlbauer's proposed deposition schedule would disrupt trial. Muhlbauer proposes to make Mr. De Gasperi available for deposition in the middle of trial. Manning Decl., Ex. 1-3. Depending on how the trial progresses, KBA's expert may have already testified, and KBA may not have the opportunity to properly anticipate or rebut Mr. De Gasperi's testimony.

---

[9] Moreover, the Court in *3M Innovations* permitted the defendant to rely on two new pieces of prior art, not to introduce a new witness at trial, and did so only because the Court was continuing the trial date and the new prior art was products made by the plaintiff, none which is the case here. *3M Innovations*, 2004 U.S. Dist. LEXIS 15435, at *24. Likewise, in the other case cited by Muhlbauer, *Eaton Corp. v. Appliance Valves Corp.*, a court allowed a piece of prior art, not an undisclosed witness, to be introduced at trial because the offering party substantially complied with the letter and spirit of § 282. 790 F.2d 874, 879-80 (Fed. Cir. 1985).

### 5. <u>Muhlbauer cannot identify a legitimate need for Mr. De Gasperi's testimony</u>

Finally, as previously explained, Muhlbauer has no legitimate need for Mr. De Gasperi. Muhlbauer relies on *Shanklin* to argue that Mr. De Gasperi's testimony could be relevant as to his prior art. Dkt. 335 at 7. In *Shanklin*, the U.S. inventor apparently was the only witness who could testify regarding the disclosures in his prior art, whereas Muhlbauer already has an expert who Muhlbauer admits "has opined at length regarding the De Gasperi patent." Dkt. 335 at 5. The fact that the parties' experts disagree about what is disclosed in the '385 patent does not make Mr. De Gasperi's testimony relevant or important. Muhlbauer's suggestion that Mr. De Gasperi could act as an arbiter between the parties' experts of what his reference really teaches one of skill in the art merely proves that he would be testifying as an expert. In essence, Muhlbauer hopes Mr. De Gasperi will usurp the jury's role as the arbiter of the facts.

Mr. De Gasperi's patent discloses what it discloses. Muhlbauer's expert already will be offered to discuss this reference at trial. What Muhlbauer seeks to introduce through Mr. De Gasperi is an expansion beyond what is disclosed in the patent, based on what he may have known, made, or used outside of the United States. This expansion is both improper and *per se* irrelevant to prior art. *See* 35 U.S.C. §§ 102(a) (1991) (prior art must have been "known or used by others in this country"), 102(g) (1991) (prior art is a prior invention "made in this country").

### III. CONCLUSION

"[E]leventh hour disclosures, and attempts to proffer expert testimony without compliance with Rule 26 violate both the rules and principles of discovery …." *Innogenetics*, 512 F.3d at 1376 n.4. Accordingly, KBA respectfully asks the Court to exclude in limine Muhlbauer from offering testimony by Mario De Gasperi at trial.

Respectfully submitted,

Dated: October 12, 2009   By:   /s/ Jason E. Manning
                                                          Jeffrey H. Gray, Esq. (VSB No. 22304)
                                                          Jason E. Manning, Esq. (VSB No. 74306)
                                                          TROUTMAN SANDERS LLP
                                                          222 Central Park Avenue, Suite 2000
                                                          Virginia Beach, Virginia 23462
                                                          Telephone: (757) 687-7500
                                                          Facsimile: (757) 687-7510
                                                          E-mail: jason.manning@troutmansanders.com
                                                          E-mail: Jeffrey.gray@troutmansanders.com

                                                          Jeffrey M. Olson, Esq. (admitted *pro hac vice*)
                                                          Paul H. Meier, Esq. (admitted *pro hac vice*)
                                                          Samuel N. Tiu, Esq. (admitted *pro hac vice*)
                                                          Matthew S. Jorgenson, Esq. (admitted *pro hac vice*)
                                                          SIDLEY AUSTIN LLP
                                                          555 West Fifth Street, Suite 4000
                                                          Los Angeles, California 90013
                                                          (213) 896-6000

                                                          Daniel E. Gustafson, Esq. (admitted *pro hac vice*)
                                                          GUSTAFSON GLUEK PLLC
                                                          650 Northstar East
                                                          608 Second Avenue South
                                                          Minneapolis, Minnesota 55402
                                                          (612) 333-8844

                                                          Attorneys for Plaintiff
                                                          KBA-GIORI, NORTH AMERICA, INC.

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | |
|---|---|
| KBA-GIORI, NORTH AMERICA, INC., | ) Civil Action No. 2:08-cv-34-HCM-TEM |
| Plaintiff, | ) **CERTIFICATE OF SERVICE** |
| v. | ) |
| MUHLBAUER, INC. and TEMA GmbH, | ) |
| Defendants. | ) |
| UNITED STATES OF AMERICA, | ) |
| Intervenor-Defendant. | ) |

I hereby certify that on October 12, 2009, I will electronically file the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' OPPOSITION TO MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF MARIO DE GASPERI** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Counsel for Defendant Muhlbauer, Inc. and TEMA GmbH**
Michael R. Katchmark, Esq. (mkatchmark@wilsav.com)
**WILLCOX & SAVAGE, P.C.**
One Commercial Place, Suite 1800
Norfolk, Virginia 23510

Gary M. Ropski, Esq. (gropski@usebrinks.com)
Michael P. Chu, Esq. (mchu@usebrinks.com)
Mircea A. Tipescu, Esq. (mtipescu@usebrinks.com)
Christopher T. Sukhaphadhana, Esq. (csukhaphadhana@usebrinks.com)
Richard D. Watkins (rwatkins@usebrinks.com)
Richard E. Stanley, Jr. (rstanley@usebrinks.com)
**BRINKS HOFER GILSON & LIONE**
NBC Tower
455 North Cityfront Plaza Drive, Suite 3600
Chicago, Illinois 60611

JC Miller, Esq. (jc.miller@thompsonhine.com)
**THOMPSON HINE LLP**
1920 N Street NW, Suite 800
Washington, D.C. 20036

**Counsel for United States of America**
Gary Lee Hausken, Esq. (gary.hausken@usdoj.gov)
U. S. DEPARTMENT OF JUSTICE – Civil Division
Commercial Litigation Branch
Washington, DC 20530

Susan Lynn Watt, Esq. (susan.watt@usdoj.gov)
UNITED STATES ATTORNEY'S OFFICE
101 W. Main Street, Suite 8000
Norfolk, VA 23510

/s/ Jason E. Manning
Jason E. Manning, Esq. (VSB No. 74306)
Counsel for Plaintiff
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7564
Facsimile: (757) 687-1524
jason.manning@troutmansanders.com

390550v1

LA1 1655603v.1