
**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| KBA-GIORI, NORTH AMERICA, INC., ) | Civil Action No. 2:08-cv-34-HCM-TEM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **PRETRIAL ORDER** |
| ) | |
| MUHLBAUER, INC. and TEMA GmbH, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Intervenor-Defendant. ) | |
| ) | |

On October 5, 2009, counsel for Plaintiff KBA Giori, North America, Inc. ("KBA"),
counsel for Defendants Muhlbauer, Inc. and TEMA GmbH (collectively "Muhlbauer") and
counsel for the United States of America ("Government") attended a pre-trial conference before
this Court. The Court hereby orders the following matters as to the trial scheduled to commence
at 10:00 a.m. on Wednesday, October 14, 2009 at the United States District Court in Norfolk,
Virginia.

**I.      Stipulations**

      **A.      Undisputed Facts**

      1.      U.S. Patent No. 5,384,859, entitled "Method for Quality Control of Printed
Sheets," was issued on January 24, 1995. This patent will hereafter be referred to as the "'859
patent." The '859 patent was filed on August 10, 1992 and claims priority to two German patent
applications, DE 4126582 and DE 4142481, which were filed on August 12, 1991 and December
20, 1991, respectively.

2.     The '859 patent includes 18 process claims, three of which are independent claims: claims 1, 7, and 17.  Independent claims 1, 7, and 17 correspond to claims 1, 10, and 20, as finally allowed, in the U.S. patent application from which the '859 patent issued.

3.     The '859 patent lists Claus A. Bolza-Schunemann and Johannes G. Schaede as inventors and they have assigned their rights to this patent to Koenig & Bauer, Akteingesellschaft ("Koenig & Bauer AG").

4.     Koenig & Bauer AG has licensed its rights to this patent to plaintiff KBA-Giori, North America, Inc. ("KBA-Giori North America").

5.     KBA-Giori North America is a wholly-owned subsidiary of KBA-Giori S.A. KBA-Giori S.A. is a wholly owned subsidiary of Koenig & Bauer AG.  KBA-Giori S.A. and Koenig & Bauer AG are not parties to this suit.

6.     Koenig & Bauer AG makes printing equipment for KBA-Giori S.A., including for printing and inspecting currency.  KBA-Giori S.A. sells this equipment to customers around the world, and KBA-Giori North America arranges for such sales in the United States to the United States Government.

7.     Among the inspection machines made by Koenig & Bauer AG for KBA-Giori S.A. are the NotaSave, NotaSave HD, NotaSave III, Super Check Numerota III, and NotaCheck III machines.

8.     Muhlbauer, Inc. and TEMA, GmbH ("TEMA") are each wholly owned subsidiaries of Muhlbauer Holding AG & Co. ("Muhlbauer AG").

9.     TEMA and Muhlbauer AG make equipment for the inspection of printed materials. Muhlbauer Inc. and TEMA have sold and offered to sell within the United States, and imported into the United States, the PI-Cylinder, PI-Sheet, PI-Web, PI-36000, PI-36010 and CI-

12010 inspection products. These products will hereafter be referred to as "the accused products."

10. The accused products are made in Germany by TEMA and Muhlbauer AG.

11. TEMA and Muhlbauer Inc.'s customers use the accused products in the United States to inspect printed materials.

13. The sales and offers for sales of the accused products have been identified by Muhlbauer in response to KBA-Giori North America's Interrogatory Nos. 11 and 12. If the jury awards damages, the parties agree that damages which have accrued from infringing activities after July 23, 2009 (the date of Muhlbauer's latest supplemental response to KBA-Giori North America's Interrogatory No. 11) will be addressed in a post-trial accounting before the Court.

**B.     Document Stipulations**

1. Documents produced by any party in this litigation that were produced from that party's files, computers or document storage (or that of its parents, sister entities or subsidiaries) and are documents that were created by the party (or its parents, sister entities or subsidiaries) as part of its business records are deemed to be authenticated pursuant to Fed. R. Evid., Rule 901.

2. Copies of all documents maintained in "hard" form produced by any party in this litigation are deemed to be true and accurate copies of documents in the possession and control of that party pursuant to the Fed. R. Evid. Rule 1003, except as otherwise indicated on the face of the copy produced.

3. Any document that was created by the party (or its parents, sister entities or subsidiaries) and was timely produced by the party in this litigation, shall be deemed to be admissible as a business record, pursuant to Fed. R. Evid., Rule 803(b)(6).

4. The stipulations set forth above do not apply to documents produced by a party that were not documents created by the party (or its parents, sister entities or subsidiaries).

3

5. The stipulations set forth above do not preclude a party from raising any objection to any document produced by a party, even if created by the party, for grounds other than authentication or hearsay based on the business record exception.

## II. Undisputed Documents, Summaries, and Other Exhibits

Attached as Exhibit 1 is a joint list of undisputed exhibits for which the parties have made no objections. The parties agree that any party can offer any of these exhibits into evidence without any objections from the other parties.

## III. Disputed Evidence and Exhibits

### A. The Pending Motions in Limine

The parties have filed the following motions in limine for resolution by the Court at the pretrial conference on October 5, 2009:

| Date | Filing Party | Description | Docket No. |
|------|-------------|-------------|-----------|
| 9/14/09 | Government | Motion to exclude the testimony of Dr. Mangum and other testimony relating to sales to the Bureau of Engraving and Printing[1] | 254, 255, 259 |
| 9/29/09 | KBA | Motion in limine to exclude the testimony of Mario Marco DeGasperi | 305, 306 |
| 9/29/09 | KBA | Motion in limine to preclude evidence and statements regarding Defendants' (1) inequitable conduct defense and (2) double patenting defense and to bifurcate these defenses for bench trial | 307, 308 |
| 9/29/09 | KBA | Motion in limine to exclude previously undisclosed, unexplained references and combinations of references as evidence of patent invalidity and/or state of the art | 309, 310 |
| 9/29/09 | KBA | Motion in limine to preclude noninfringement opinions that contradict the Court's Markman Order or are based on new claim construction arguments. | 311, 312 |
| 9/29/09 | KBA | Motion in limine to exclude testimony, evidence, and arguments relating to Plaintiff's pre-filing investigation, communications with | 313, 314 |

---

[1] KBA filed an opposition to this motion on September 28, 2009. Dkt. No. 323. Oppositions to the remaining motions were filed on October 2, 2009.

4

| Date | Filing Party | Description | Docket No. |
|------|--------------|-------------|------------|
| | | Muhlbauer's customers, and decision to file suit | |
| 9/29/09 | KBA | Motion in limine to exclude testimony, evidence, and arguments regarding 35 U.S.C. § 101 and §112 defenses | 315, 316 |
| 9/29/09 | KBA | Motion in limine to exclude arguments and evidence that (1) Plaintiff's damages are limited to actual damages or lost profits; and (2) Plaintiff lacks standing to recover past damages | |
| 9/29/09 | Muhlbauer | Motion in limine to exclude allegations and testimony of willful infringement | 275, 276 |
| 9/29/09 | Muhlbauer | Motion in limine to preclude the inventors of the '859 patent from presenting expert testimony at trial | 277, 278 |
| 9/29/09 | Muhlbauer | Motion in limine to exclude technical evidence relating to alleged infringement of print inspection systems provided to the Bureau of Engraving and Printing | 279, 280 |
| 9/29/09 | Muhlbauer | Motion in limine to exclude evidence of objective indicia of nonobviousness | 294, 295 |
| 9/29/09 | Muhlbauer | Motion in limine to exclude allegations of indirect infringement | 297, 298 |

## B.     Objections to Trial Exhibits

Attached as Exhibits 2 and 3 to this order are the parties' respective objections to the trial exhibits proposed by the opposing party. The parties believe that a significant amount of the objections may be addressed by the Court's resolution of the above motions in limine.

The Government objects to the admission of certain trial exhibits, as identified in Exhibits 2 and 3 to this Order, as being irrelevant to any issue in this litigation pursuant to Federal Rule of Evidence 402. The bases for the Government's objection are set forth in the Defendants' Joint Motion for Summary Judgment Under 28 U.S.C. § 1498(a) and Intervenor-Defendant's Motion to Exclude the Testimony of Dr. Mangum and other Testimony Relating to Sales to the Bureau of Engraving and Printing.

LAI 1650600v.1

## IV. Witnesses

Attached as Exhibits 4-6 are KBA's and Muhlbauer's respective lists of witnesses indicating those whom the parties expect to call, and those who the parties may call to testify. A party's objections to witness(es) offered by the opposing party are also presented below.

Also attached as Exhibits 7-8 are KBA's and Muhlbauer's respective objections to the opposing party's deposition designations. The parties are continuing in good faith to discuss their respective objections to any deposition designations that are not the subject of the above motions in limine. If any such objections are not resolved by the parties, then the parties will present their dispute to the Court before the depositions are presented to the jury.

In addition to the witnesses listed in Exhibit 4, KBA may also call Mr. Alexander Schlee to testify at trial. Mr. Schlee submitted a declaration on October 2, 2009 in support of KBA's opposition to Defendants' motion in limine to exclude allegations of indirect infringement. Dkt. 360.

As disclosed in Defendants' Rule 26(a)(3) disclosures, Muhlbauer expects to present Michael Wiebe, Hans Wehmeier, and Christoph Ihnen as witnesses through their deposition testimony. The depositions of these individuals under the Hague Evidence Convention are ongoing and Muhlbauer will designate their deposition testimony as it becomes available.

The Government does not anticipate presenting any witnesses, whether in person or through deposition testimony, but reserves the right to examine any witnesses identified by any other party and to offer any testimony or other evidence for purposes of impeachment, should the need arise.

The parties agree that each party who intends to call a witness shall identify the name of the witness by 7:00 p.m. two evenings before that witness testifies, and if more than two witnesses are identified, the order of the witnesses shall also be provided. At the same time, the

6

party who intends to present the witness(es) for direct testimony agrees to provide the other parties with a good faith identification of any non-demonstrative exhibits that are intended to be used with the identified witness(es). Any exhibits, including demonstrative exhibits, that any party intends to use during the opening statement shall be disclosed to the other parties by 7:00 p.m. on the evening before the opening statements are scheduled to commence.

## A. KBA's Objections to Muhlbauer's Witnesses

KBA objects to the following witnesses identified by Muhlbauer because they were not identified in Muhlbuaer's Rule 26(a)(1) disclosures during the discovery period.

1. Mario Marco DeGasperi

2. Rainer Miehlich

Through the parties' meet and confer, Muhlbauer has agreed to withdraw Mr. Miehlich from its witness list, but not Mr. DeGasperi. KBA has filed a motion in limine to preclude Muhlbauer from calling Mr. DeGasperi at trial (Dkt. #305 and 306).

KBA further objects to the following witnesses Muhlbauer intends to call at trial via deposition:

3. George Cooper

4. Arthur Steiner

5. Ted Panofsky

6. Craig Griffin

7. Thomas Turke

KBA objects to the proposed testimony of Mr. Cooper and Mr. Steiner under F.R.E. 403. The designated testimony of Mr. Cooper appears to be directed mainly to the issues of inequitable conduct and double patenting. The designated testimony of Mr. Steiner is also

7

directed mainly to the issues of inequitable conduct. These issues are the subject of KBA's pending motion in limine (Dkt. ##307, 308).

For the same reasons stated in KBA's motion in limine Dkt. ## 307, 308, KBA also objects to any portions of Defendants' expert, Dr. Scott Action's testimony relating to inequitable conduct and double patenting.

KBA also objects to the proposed testimonies of Mr. Panofsky and Mr. Griffin under F.R.E. 402 and 403. The designated testimonies of these individuals appear to be directed toward their efforts to develop two different inspection systems, which are unrelated to the systems at issue in this case. These systems are not prior art. Additionally, Muhlbauer has not provided any explanation regarding how these systems are relevant to the validity of any claim of the '859 patent either in response to interrogatories or through experts, nor do Mr. Panofsky and Mr. Griffin. This objection is included in KBA's pending motion in limine to exclude previously undisclosed, unexplained references. Dkt. ## 309, 310. KBA also objects to portions of Mr. Turke's designated testimonies for the same reason.

KBA also objects under F.R.E. 402 and 403 to portions of Mr. Cappello's and Mr. Turke's designated testimonies relating to KBA's prefiling investigation, communications with Muhlbauer's customers, and decision to file suit. This objection is the subject of KBA's pending motion in limine to exclude the same. Dkt. ##313, 314.

KBA objects to Muhlbauer's use of the depositions of Michael Wiebe, Hans Wehmeier, and Cristoph Ihnen at trial. At the present time, Mr. Wehmeier and Mr. Ihnen have not yet been deposed, and their depositions are scheduled for October 12, 2009 and October 29, 2009 in Germany. Mr. Wiebe was deposed on September 29, 2009, but Muhlbauer has not yet produced a certified English translation of his deposition. Furthermore, KBA objects to the use of Mr. Wiebe's deposition because the deposition was not taken in accordance with the Federal Rules of

8

Civil Procedure, but according to German procedural rules. Among other problems, the German judge posed questions to the witness and in many instances paraphrased his answers rather than recorded his answers directly. As a result, much of the witness's testimony was not recorded, and the extent to which testimony was not recorded will be unclear from the record. Also, KBA's ability to cross examine the witness was severely limited by the prohibition of leading questions under German procedural rules. Moreover, Mr. Wiebe made certain claims that Muhlbauer intends to use to support its contention that Mr. Wiebe should have been named as an inventor of the '859 patent. However, Muhlbauer has no evidence to corroborate the witness's claim. See *Martek Biosciences Corp. v. Nutrinova, Inc.*, __ F.3d __, 2009 U.S. App. LEXIS 20001, *27 (Fed. Cir. Sept. 3, 2009) (excluding testimony of alleged prior inventor for lack of evidence, because "[a]n alleged prior inventor 'must provide independent corroborating evidence in addition to his own statements and documents.'").

**B.      Defendants' Objections to KBA's Witness(es)**

Defendants object to the introduction at trial of expert testimony, as defined by Fed. R. Civ. P. 702, 703, and 705, by Claus A. Bolza-Schunemann and Johannes G. Schaede. Kba did not identify Messrs. Bolza-Schunemann and Schaede as expert witnesses under the Court's revised scheduling order of January 21, 2009, Local Rule 26(D), or the Fed. R. Civ. P. 26(a)(2)(A) and (C) despite having several opportunities to do so. This objection is the subject of Defendants' pending Motion in Limine to Preclude the Inventors of the '859 Patent From Presenting Expert Testimony at Trial. Dkt. ##277, 278.

Defendants object to the testimony of Dr. Mihran regarding the infringement of equipment sold by Muhlbauer Inc. to the Bureau of Engraving and Printing because it is irrelevant pursuant to Fed. R. Evid. 402, as discussed in Defendant's Joint Motion for Summary Judgment Under 28 U.S.C. § 1498(a), and Defendants' Motion in Limine to Exclude Technical

9

Evidence Relating to Alleged Infringement of Print Inspection Systems Provided to the Bureau of Engraving and Printing. Dkt. ##279, 280.

Defendants object to the testimony of Dr. Mangum and Dr. Mihran regarding objective indicia of nonobviousness, including, but not limited to commercial success and long felt need, and failure of others, under Fed. R. Civ. P. 37(c)(1). KBA failed to disclose during discovery the requisite nexus between the features of the claimed multi-step process of the '859 patent and ht objective indicia of nonobviousness. This objection is the subject of Defendants' pending Motion in Limine to Exclude Evidence of Objective Indicia of Nonobviousness. Dkt. ##294, 295.

Defendants object to the testimony of Dr. Mihran regarding indirect infringement under Fed. R. Civ. P. 37(c)(1). KBA failed to present the basis for such a claim during discovery, including, but not limited to knowledge of the '859 patent and should be prevented from introducing such evidence at trial through Dr. Mihran. This objection is the subject of Defendants' Motion in Limine to Exclude Allegations of Indirect Infringement. Dkt. ##297, 298.

Defendants object to the testimony of Mr. Schlee under Fed. R. Evid. 402 and 403, and, since KBA only identified him as a trial witness on October 4, 2009, reserve the right to call additional witness(es) to rebut his testimony if the Court permits his testimony at trial.

### C. Government's Objections to KBA's Witness(es)

The United States objects to the testimony of the following witnesses:

    (a) Testimony of Dr. Mihran with respect to infringement by equipment sold by Muhlbauer to the Bureau of Engraving and Printing as being irrelevant pursuant to Federal Rule of Evidence 402, as discussed in Defendant's Joint Motion for Summary Judgment Under 28 U.S.C. § 1498(a).

(b) Testimony of Dr. Mangum for the reasons stated in Intervenor-Defendant's Motion to Exclude the Testimony of Dr. Mangum and other Testimony Relating to Sales to the Bureau of Engraving and Printing.

## V. Factual Contentions By the Parties

The following are listed as factual contentions, but equitable issues are included therein. No party agrees that the below identified factual contentions of any other party should be listed, or are accurately and completely identified even if the listing is generally appropriate.

### A. KBA's Factual Contentions

1. Muhlbauer has willfully infringed claims 1-6 and 9-12 of the '859 patent by using, offering to sell and selling within the United States, and importing into the United States, the PI-Cylinder, PI-Sheet, PI-Web, PI-36000, PI-36010 and CI-12010 inspection products ("the accused products").

2. Muhlbauer has infringed the '859 patent directly, and it has induced others to infringe and contributed to the infringement by others.

3. Muhlbauer knew of the '859 patent as early as July 21, 2005.

4. The accused products are sold by Muhlbauer with the knowledge and intent that they be used in the U.S. in a manner that infringes the '859 patent.

5. Muhlbauer actively encourages users of the accused products in the U.S. to utilize the accused products in an infringing manner, and these users do in fact use the accused products in an infringing manner.

6. The accused products are especially made and adapted for carrying out the methods claimed in the '859 patent.

7. Each of the accused products constitutes a material part of the '859 patented invention and is not staple article of commerce suitable for substantial non-infringing use.

11

8. The invention of the '859 patent is of great value and is commercially successful, as evidenced at least by KBA's extensive sales of its patented devices for the inspection of currency, as well as Muhlbauer's accused products for the inspection of printed materials, including tubes, cards, currency, and other security documents.

9. Because of Muhlbauer's willful infringement, KBA has suffered harm. At a minimum, KBA is entitled to recover no less than a reasonable royalty amount calculated at a rate of 10%-13% of Muhlbauer's sales of the accused products and offers for sale of the accused products, which offers were made in the United States.

10. Muhlbauer should also compensate KBA for pre-judgment and post-judgment interest at a rate consistent with applicable law.

11. Because the harm to KBA from Muhlbauer's infringement of the '859 patent cannot be adequately compensated for by money damages, Muhlbauer should also be permanently enjoined from infringing the '859 patent.

**B.     Defendants' Factual Contentions**

1. Plaintiff is not an exclusive licensee of the '859 patent with the right to sue in its own name.

2. Koenig & Bauer AG is a co-owner of the '859 patent.

3. The license from Koenig & Bauer AG to Plaintiff was insufficient to confer standing to sue for infringement of the '859 patent.

4. Plaintiff lacked standing to sue for infringement of the '859 patent at the time the Second Amended Complaint was filed.

5. The '859 patent is invalid due to the failure to name the correct inventors.

12

6. Defendants Muhlbauer, Inc. and TEMA GmbH have not and do not infringe claims 1-6 and 9-12 of the '859 patent by using, offering to sell and selling within the United States, and importing into the United States, the accused products.

7. Defendants have not and do not directly infringe any of the asserted claims.

8. Defendants do not directly infringe because the accused products do not literally infringe the asserted claims and the accused products do no infringe based on the reverse doctrine of equivalents.

9. Defendants have not and do not contributorily infringe any of the asserted claims.

10. Defendants have not and do not actively induce others to infringe any of the asserted claims.

11. Defendants were not aware of the '859 patent until the filing of the present lawsuit and could not have manifested any intent to sell the accused products prior to the filing of the lawsuit with knowledge that they could be used in a manner that infringes the '859 patent.

12. The claims asserted by Plaintiff are invalid as anticipated based on prior art under 35 U.S.C. § 102, as obvious in view of prior art under 35 U.S.C. § 103, for failure to name the correct inventors, and due to double patenting.

13. Except for sales to the United States government, for which Plaintiff seeks no relief, the Plaintiff has not lost a sale of print inspection equipment covered by the '859 patent to the Defendants.

14. The '859 patent is unenforceable due to inequitable conduct committed by at least KBA's prosecuting attorney George Cooper.

15. There can be no showing of objective indicia of nonobviousness on behalf of the devices KBA claims are covered by the '859 patent because there has been no evidence of the requisite nexus between the features of the claimed invention and the indicia of nonobviousness.

13

16. In the event the '859 patent is found to be valid, enforceable and infringed, KBA is entitled to recover a reasonable royalty determined by the jury or an amount calculated at a rate of no more than 4% of Defendants' sales of the accused products.

17. In the event the '859 patent is found to be invalid, unenforceable or not infringed, KBA should compensate Muhlbauer/TEMA for their attorneys' fees.

18. KBA is not irreparably harmed by sales of the accused products.

## C.      Government's Factual Contentions

The United States has intervened in this case solely for the purpose of asserting its position that the exclusive remedy for any manufacture or use of a patented invention by or for the United States is by suit in the United States Court of Federal Claims pursuant to 28 U.S.C.§ 1498, and this court lacks jurisdiction to determine whether sales of equipment to the BEP or the use of that equipment resulted in infringement of the patent in suit. The United States has moved to exclude the testimony of Dr. Mangum, and has stated its objections to the admission of documents relating to sales to the United States. However, the United States takes no position with respect to the validity of the patent in suit or whether any sales made by defendants to commercial entities infringe any claim of that patent. Accordingly, the United States offers no factual contentions for trial in this case.

## VI.    Triable Issues

No party agrees that the below-identified triable issues of any other party should be listed, or are accurately and completely identified even if the listing is generally appropriate.

### A.      KBA's Contended Triable Issues for the Jury

KBA has filed a motion for summary judgment of infringement of claims 1-6 of the '859 patent. To the extent that the motion is denied, the following are issues to be tried to the jury.

14

1.    Whether Muhlbauer infringes claims 1-6 and 9-12 of the '859 patent.

2.    Whether Muhlbauer's infringement has been willful

3.    The amount of damages to be awarded to KBA as a result of Muhlbauer's infringement.

4.    Whether the asserted claims of the '859 patent are invalid due to anticipation or obviousness.

KBA has filed a motion in limine to bifurcate the issue of inequitable conduct for bench trial because this issue, being an equitable issue, is one for the judge, rather than the jury to decide. KBA has also filed a motion in limine on the issue of double patenting because this issue is purely a matter of law and can readily be resolved, if necessary, through the filing of a terminal disclaimer with the United States Patent and Trademark Office. KBA has also filed a motion in limine to preclude Muhlbauer from raising a 35 U.S.C. § 101 (patentable subject matter) defense at trial.

## B.    Defendants' Contended Triable Issues

The following are triable issues that remain to be litigated. In addition Muhlbauer/TEMA incorporates the following by reference:

i. Any issues of law set forth in the Pre-Trial Order, to the extent that they may be considered issues of fact; and

ii. Any intended proofs set forth above in the Pre-Trial Order, to the extent that they may be considered to raise issues of fact.

### 1. Ownership

a. Whether Plaintiff has proved that Koenig & Bauer AG, as licensor, is the owner of all rights and legal title sufficient to grant Plaintiff standing to sue for infringement of the '859 patent.

### 2. Standing

b. Whether Plaintiff has standing to sue for infringement of the '859 patent.

### 3. Non-Infringement

c. Whether Plaintiff has proved that Defendants infringe any of the asserted claims of the '859 patent by making, using, selling, offering to sell, and/or importing into the United States the PI-Cylinder, PI-Sheet, PI-Web, PI-36000, PI-36010 and CI-12010 products ("the accused products").

### 4. Invalidity

d. Whether any of the asserted claims of the '859 patent are invalid under 35 U.S.C. § 102 based on anticipation by the prior art.

e. Whether any of the asserted claims of the '859 patent are invalid under 35 U.S.C. § 103 based on obviousness in view of the prior art.

f. Whether any of the asserted claims of the '859 patent are invalid because they claim ineligible subject matter under 35 U.S.C. § 101 .

g. Whether any of the asserted claims of the '859 patent are invalid for failure to name the correct inventors.

h. Whether any of the asserted claims of the '859 patent are invalid due to double patenting.

LA1 1650600v.1

### 6. Unenforceability

i.      Whether the actions and pattern of conduct of the '859 patent applicant (including its attorney) during prosecution of the '859 patent, including, but not limited to, (i) withholding of U.S. Patent No. 4,561,103 ("Horiguchi") from the USPTO; (ii) withholding of U.S. Patent Application No. 07/925,273 ("the '273 application"), the application underpinning U.S. Patent No. 5,317,390 ("the '390 patent") from the USPTO; and (iii) withholding of the June 3, 1993 Office Action for the '273 application, constitute inequitable conduct before the United States Patent and Trademark Office, thus rendering the '859 patent unenforceable.

### 7. Exceptional Case

j. Whether Plaintiff's conduct forms a basis for finding that this is an exceptional case, entitling Defendants to their reasonable attorney's fees pursuant to 35 U.S.C. § 285.

### 8. Lack of Willful Infringement

k. In the event the '859 patent is found to be infringed, but the '859 patent is found to be either invalid or unenforceable, whether Defendants' conduct rises to the level of willful infringement.

l. In the event the '859 patent is found to be infringed, but the '859 patent is not found to be either invalid or unenforceable, and Defendants' conduct is found to rise to the level of willful infringement, whether KBA is entitled to increased damages pursuant to 35 U.S.C. § 284.

17

### 9. Damages

m. In the event that the Court finds infringement, but does not find the '859 patent to be either invalid or unenforceable, the reasonable royalty to be paid by Muhlbauer/TEMA.

n. In the event that the Court finds infringement, but does not find the '859 patent to be either invalid or unenforceable, the proper royalty base that is to be used to calculate damages.

o. Whether Plaintiff has been irreparably harmed by sales of the accused products sufficient to grant a permanent injunction.

### 10. Prejudgment Interest

p. In the event of a finding of liability, whether Plaintiff KBA is entitled to prejudgment interest and in what amount.

### C. Statement by the Government

The United States has intervened in this case solely for the purpose of asserting its position that the exclusive remedy for any manufacture or use of a patented invention by or for the United States is by suit in United States Court of Federal Claims pursuant to 28 U.S.C.§ 1498, and this court lacks jurisdiction to determine whether sales of equipment to the BEP or the use of that equipment resulted in infringement of the patent in suit. The United States takes no position with respect the validity of the patent in suit or whether any sales made by defendants to commercial enterprises infringe that patent. Accordingly, no triable issues exist with respect to the United States in this case.

18

Dated: October 5, 2009

By: _____

Jeffrey H. Gray, Esq. (VSB No. 22504)
Jason E. Manning, Esq. (VSB No. 74306)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: jason.manning@troutmansanders.com
E-mail: Jeffrey.gray@troutmansanders.com

Jeffrey M. Olson, Esq. (admitted *pro hac vice*)
Paul H. Meier, Esq. (admitted *pro hac vice*)
Samuel N. Tiu, Esq. (admitted *pro hac vice*)
Matthew S. Jorgenson, Esq. (admitted *pro hac vice*)
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
(213) 896-6000

Daniel E. Gustafson, Esq. (admitted *pro hac vice*)
GUSTAFSON GLUEK PLLC
650 Northstar East
608 Second Avenue South
Minneapolis, Minnesota 55402
(612) 333-8844

Attorneys for Plaintiff
KBA-GIORI, NORTH AMERICA, INC.

Dated: October 0, 2009

By: _____

Michael R. Katchmark, Esq.
WILLCOX & SAVAGE, P.C.
One Commercial Place, Ste. 1800
Norfolk, Virginia 23510
(757) 628-5615

Gary M. Ropski, Esq.
Michael P. Chu, Esq.
Mircea A. Tipescu, Esq.
Richard D. Watkins, Esq.
Christopher T. Sukhaphadhana, Esq.
BRINKS HOFER GILSON & LIONE
NBC Tower – Suite 3600
455 North Cityfront Plaza Drive

19

Chicago, Illinois 60611-5599
(312) 321-4200

Attorneys for Defendants
MUHLBAUER, INC. and TEMA GmbH


TONY WEST
Assistant Attorney General

NEIL H. MACBRIDE
United States Attorney

Dated: October _5_, 2009          By: _____Susan L. Watt_____
                                      Susan L. Watt
                                      Supervisory Assistant United States Attorney
                                      Virginia Bar # 17733
                                      Attorney for Intervenor, United States of America
                                      United States Attorney's Office
                                      101 West Main Street, Suite 8000
                                      Norfolk, VA 23510-1671
                                      Telephone: 757-441-6331
                                      Facsimile: 757-441-6689
                                      Email: susan.watt@usdoj.gov

                                      JOHN FARGO
                                      Director, Intellectual Property Staff

Dated: October _05_, 2009         By: _____
                                      GARY L. HAUSKEN
                                      Assistant Director, Intellectual Property Staff
                                      Attorney for Intervenor, United States of America
                                      Commercial Litigation Branch
                                      Civil Division
                                      Department of Justice
                                      Washington, DC 20530
                                      Telephone: 202-307-0342
                                      Facsimile: 202-307-0345
                                      Email: gary.hausken@usdoj.gov

20

**IT IS SO ORDERED** on ___October 5___, 2009.

                                        /s/
                            _____
                            Henry Coke Morgan, Jr.
                            Senior United States District Judge
                            _____
                            Hon. Henry Coke Morgan, Jr., Senior Judge
                            UNITED STATES DISTRICT JUDGE

21